MICHAEL HANNEFIN *vs.* WILLIAM BLAKE.

For the purpose of preventing the establishment of a right to maintain across one lot of land a drain leading from another lot, by adverse use continued for twenty years, the testimony of a person who within that time owned the first lot is admissible, that during the time he owned it he never knew of the existence of the drain.

TORT for preventing the plaintiff from entering on the defendant's land to repair a drain leading across the land from the plaintiff's house, which the plaintiff contended he had acquired the right to maintain by adverse use continued for twenty years.

The case was referred by rule of court, and at the hearing before the referee it appeared that the drain was laid in 1835; and

Tobias W. Carter, who owned the land now belonging to the defendant from 1839 to 1865, was allowed, against the plaintiff's objection, to testify that he had never had any knowledge of the drain until the hearing. There was other evidence in the case. The referee found that the use of the drain was not with the acquiescence or knowledge of the owner of the land, and that consequently no adverse right had been acquired; and awarded that judgment should be entered for the defendant. In the superior court judgment was ordered on the referee's report for the defendant; and the plaintiff appealed.

*M. P. Knowlton*, for the plaintiff.

*G. D. Robinson*, for the defendant.

By the Court. The referee, having found that the adverse use of the easement was not with the acquiescence or knowledge of the owner of the servient tenement, correctly decided that no adverse right had been acquired. The question whether Carter had knowledge of the existence of the easement while he owned the defendant's tenement was pertinent and material, and he was a competent witness as to that point.

*Judgment for the defendant.*