R. HALSTEAD WARD, Respondent, *v.* NATHAN B. WARREN et al., Appellants.

*It seems* that to constitute an easement by prescription, it is not essential that the user should have been with the actual knowledge of the owner of the servient tenement. Where the *user* has been, for the requisite time, open, notorious, visible, uninterrupted, undisputed and under claim of right adverse to such owner, he is charged with notice and his acquiescence is implied; the law presumes a grant from him and such presumption is conclusive.

Plaintiff claimed a right of way, by prescription, over defendant's premises in the city of T. The way led from a public street; it had been paved, kept in order, and used uninterruptedly, for more than twenty years by the owners of the dominant tenement, who also maintained and used a gate for entry thereto from the street. The way was not used by the owners or occupants of the servient tenement. The defendants had owned the latter, as tenants in common, since 1846, two of them living in the city all of the time, and the other most of the time. They did not occupy the premises but had personal charge of them, letting them on short leases, keeping them in repair, and collecting the rents. In an action to restrain defendants from closing up and obstructing the way, after proof of the foregoing facts, the defendants, as witnesses, denied any knowledge of the *user ;* one of them was blind. *Held,* that the facts authorized a finding of knowledge.

The knowledge of an agent, in regard to the use of an easement in premises committed to his charge, will be attributed to his principal.

Where one *tenant in common* acts for all the others in the care and charge of premises held in common, his knowledge will be attributed to his co-tenants.

Also, *held,* that the fact that the premises had been, save for short periods, held by tenants under short annual leases did not prevent the prescription from running which would ripen into an easement.

The judgment gave the plaintiff the possession and right "to use and enjoy the way, the same as he has been accustomed to do." *Held,* proper.

(Argued September 22, 1880; decided October 5, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 15 Hun, 600.)

This action was brought to restrain defendants from obstructing or interfering with a right of way claimed by plaintiff over

defendants' premises. The facts upon which depend plaintiff's right to the way are set forth sufficiently in the opinion. The trial court found in addition thereto that defendants were making excavations and constructing a building across and over the way claimed, and were thereby obstructing and closing it. The court directed judgment that plaintiff have possession of the way claimed, "as he has been heretofore accustomed to enjoy the same;" that defendants, their agents, etc., be restrained from any interference with or obstruction of the way, and that they forthwith remove said obstructions, fill up the excavations and restore the way to its former condition, "so that plaintiff may use and enjoy the same as he has been accustomed to do."

*Martin I. Townsend* for appellants. To establish a title to this easement by prescription, it was necessary for the plaintiff to prove that his use of the right of way was with the knowledge and acquiescence of all three of the defendants. (Washburn on Easements [3d ed.], 40, 160; *Portmore* v. *Bunn,* 3 Dowl. & Ry. 145; *Crippen* v. *Morss,* 49 N. Y. 63; *Marshall* v. *Trumbull,* 28 Conn. 183; *McGregor* v. *Wait,* 10 Gray, 72; 2 Washburn on Real Prop. 300; *Blake* v. *Everett,* 1 Allen, 368; *Carbrey* v. *Willis,* 7 id. 368; *Hannefin* v. *Blake,* 102 Mass. 297; *Parker* v. *Foote,* 19 Wend. 309; *Calvin* v. *Burnett,* 17 id. 568; *Cleveland* v. *Ware,* 97 Mass. 409.) The plaintiff and his grantors could not acquire an easement in this land by prescription, because during all the time of their occupation the servient estate was occupied by tenants, and was not in the possession of the defendants, so that they could protect themselves from this use by an action of trespass. (Washburn on Easements [3d ed.], 163, 164; *Baker* v. *Richardson,* 4 B. & Ald. 609; *Baxter* v. *Taylor,* 4 B. & Adol. 72; *Pearsall* v. *Post,* 20 Wend. 113, 115; *McGregor* v. *Wait,* 10 Gray, 72; 2 Washburn on Real Prop. [3d ed.], 278, 296; *Wilkins* v. *Peck,* 13 N. H. 360; *Melvin* v. *Whitney,* 13 Pick. 184.) The judgment that plaintiff "recover possession of the strip of land or passage-way" in question, "as and for a way," etc., is erroneous. (2 Blackstone's Comm. 35; Washburn on

Easements, 97, marg. p. 609; *Dixon* v. *Clow*, 24 Wend. 190; *Ballard* v. *Dyson*, 1 Taunt. 279, 288; *Allan* v. *Gomme*, 11 Ad. & Ell. 759.)

*James Lansing* for respondent.    Defendants must be deemed to have acquiesced in the user, having without notice continued to re-let the premises for short terms without taking possession of the land and stopping the user or insisting upon resistance by the incoming tenants.    (Goddart on Easements, 113; *Bright* v. *Walker*, 6 M. & R. 219.)

EARL, J.    This action was commenced to enjoin the obstruction by the defendants of a passage-way claimed by the plaintiff over their land.    The parties owned adjoining lots on Fourth street, in the city of Troy, the plaintiff's lot being northerly of that owned by the defendants.    There were dwelling-houses upon both lots, plaintiff's house standing on the southerly line of his lot, and the house of defendants standing southerly of their north line, so as to leave an alley between the two houses nearly three feet wide.    The plaintiff claimed an easement in this alley for passage to and from the rear part of his house and lot.    Shortly before the commencement of this action the defendants built up to their northerly line, thus covering and obstructing the passage-way.

The plaintiff claims the easement by prescription, and the court, at Special Term, found that the use of the way by him and his predecessors, in the title of his lot, had been adverse, under claim of right, exclusive, continuous, uninterrupted, open and notorious, with the knowledge and acquiescence of the defendants and their grantors, for the period of forty-eight years.    It is not disputed that if this finding is to stand, it will fully justify a judgment for plaintiff for the relief demanded by him.

But it is claimed on behalf of the defendants that the evidence did not authorize the whole of this finding.    It is contended that the undisputed evidence showed that the *user* was not with the knowledge or acquiescence of the defendants and

their grantors. It is true that it is said in some of the text-books and decided cases, that to constitute an easement by pre-scription, the *user* must have been for the requisite time " with the knowledge and acquiescence " of the owner of the servient tenement. (Washburn on Easements [3d ed.] 160 ; 2 Washburn on Real Property, 300 ; *Blake* v. *Everett,* 1 Allen, 248 ; *Car-brey* v. *Willis,* 7 id. 368 ; *Colvin* v. *Burnet,* 17 Wend. 568 ; *Parker* v. *Foote,* 19 id. 309.) But I apprehend all that is meant by the phrase quoted is that the *user* must have been not clandestine or by stealth, but open, notorious, visible and undisputed; and when such a *user* is under claim of right, ad-verse, the owner of the servient tenement is charged with notice thereof, and his acquiescence is implied. I have been able to find no case which holds that in the case of such a *user,* the easement can be defeated by mere proof that the owner of the servient tenement did not have knowledge of the *user.* In the case of *Hannefin* v. *Blake* (102 Mass. 297), it was held, that, for the purpose of preventing the establishment of a right to maintain across one lot of land a drain leading from another lot, by adverse use continued for twenty years, the testimony of a person who within that time owned the first lot is admissi-ble, that during the time he owned it he never knew of the existence of the drain. The drain there in question must have been underground, not open to observation ; otherwise the case, so far as I have discovered, stands alone.

When the use of a way has, for the requisite time, been open, notorious, uninterrupted, undisputed, under claim of right and adverse, the law presumes a grant of such way from the owner of the servient tenement, and such presumption is conclusive. (*Parker* v. *Foote,* 19 Wend. 309 ; *Curtis* v. *Keesler,* 14 Barb. 511 ; *Coolidge* v. *Learned,* 8 Pick. 504 ; *Tracy* v. *Atherton,* 36 Vt. 503 ; *Townsend* v. *Downer,* 32 id. 183 ; *Wallace* v. *Fletcher,* 10 Foster, 446.) The owner of the ser-vient tenement is not permitted to defeat such an easement by simply showing that he did not in fact grant it or have knowl-edge of its use. It is said in 3 Kent's Commentaries, 444 : " To render the enjoyment of any easement for twenty years a pre-

sumption *juris et de jure*, or conclusive evidence of right, it must have been continued, uninterrupted, or pacific, and adverse, that is, under a claim of right, with the implied acquiescence of the owner." In the case of *Partridge* v. *Scott* (3 M. & W. 220), ALDERSON, B., said : " We should say that such a grant (of an easement) ought not to be inferred from any lapse of time short of twenty years after the defendants might have been or were fully aware of the facts."

But it is unnecessary to stand upon these views, and the law may, for the purpose of this case, be conceded to be as claimed by the defendants, that is, that the *user* must have been with the knowledge of the defendants. We think there was evidence sufficient to sustain the finding that the *user* was with such knowledge. The passage-way was from a public street. It was paved and kept in order winter and summer by the owners of the dominant tenement. There was a gate for entry thereto from the street, maintained and used by such owners. The owners and occupants of the servient tenement did not use it and had no occasion to use it. The defendants have owned their lot since 1846, and two of them have lived all the time in Troy, and the other has lived there most of the time. They have had the personal charge of the premises, letting them to tenants upon short leases, keeping them in repair and collecting the rents monthly or quarterly. All these facts, and others, were submitted to the trial judge, and although the defendants, all under oath, denied any knowledge of the *user* during any portion of the time, it was for the judge to determine how much weight, under the circumstances, should be given to such denials, and what the fact in truth was. It matters not that Nathan B. Warren was blind during most of the time and hence could not see the way or its *user*. He took an active part in the management of the premises, consulted about them with his brothers, and during the whole period of time since 1846, one or the other of his brothers was the agent of all the owners for collecting rents, letting and managing the premises. Where one tenant in common acts for all the tenants, there is no reason why his knowledge may not be at-

tributed to his co-tenants just the same as the knowledge of any other agent could be. What an agent knows about the use of an easement in the premises committed to his charge must be attributed to his principal. Suppose tenants in common should place an improved farm in the charge of an agent, and then be absent for more than twenty years, could they defend against an easement claimed to have been acquired in the meantime, on the ground that they did not have personal knowledge of the easement although their agent had such knowledge? And it certainly can make no difference that one of the tenants in common acted as agent for his co-tenants.

The further claim is made that the lot of defendants' had been during the whole forty-eight years under lease to tenants, and hence that this easement could not be acquired therein against the owners. The proof shows that during the time, the lot was sometimes for short periods not under lease, and that the leases were usually short annual leases. There is no authority which holds that such leases will prevent the prescription from running, which will ripen into an easement. The reason why a right by prescription cannot be acquired against the owner of the reversion while the precedent or particular estate, like a life estate, is outstanding, is, that such owner is not in a situation to grant the easement, and hence that a grant cannot be presumed. In the case of short leases for a year or for several years, the grant could have been made, and hence may be presumed to have been made, at the end of any one of the short terms. (*Daniel* v. *North*, 11 East, 372; *Cross* v. *Lewis*, 2 Barn. & C. 686; Gale & W. on Easements, 111–117.) In *Barker* v. *Richardson* (4 Barn. & Ald. 579), and *Pearsall* v. *Post* (20 Wend. 113), the particular estates which defeated the prescription against the owner of the reversion were life estates.

It is further objected that the judgment in this case is too broad. We do not so construe it. It gives the plaintiff the right " to use and enjoy the way the same as he has been accustomed to do;" and in enforcing its judgment, it is not probable that the Supreme Court will go any further.

We think, therefore, that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.