LEWIS MUNSION, RESPONDENT, v. JOHN REID, APPELLANT.

*Conveyance of a lot with a right to use an underground drain — the right of the grantor to use the drain for adjoining lots owned by him is lost, unless reserved by the deed — a purchaser is put on inquiry by an actual occupation under an unrecorded deed — what evidence is required to establish a right by prescription to use an underground drain crossing a lot owned by another person — the collection of money for repairs of the drain does not constitute a grant or create an estoppel.*

In 1845, Platt Williams was the owner of five lots of land in the city of Albany, four of which faced upon, and were bounded on the north, by Clinton avenue, the fifth lot extending from the rear of the most easterly of the said four lots, southerly to a street parallel to Clinton avenue, called [Orange street. Before conveying any of these lots he constructed a drain beneath the surface, com· mencing upon the most westerly of the said four lots, and extending easterly across the rear of the three other lots, thence turning southerly, through the fifth lot, to Orange street. In 1845 he conveyed the third lot, counting from the west, to one Davidson, by a deed containing the following clause: "The said party of the second part is to have the use of the drain in the rear of said premises, leading from thence, through another lot of the parties of the first part, to the public drain in Orange street, but the said party of the second part is hereafter to contribute proportionally to the expense of keeping the drain in repair."

*Held,* that as the drain was under ground and not open and visible, and the clause in the deed gave no notice to Davidson that the lot conveyed was burdened by a servitude in favor of the grantor's lots on the west, Williams was, by the execution and delivery of the said deed, cut off or excluded from the right of draining his west lots across the lot of Davidson, and could not thereafter convey any right to do so to purchasers of the said lots.

In 1849, Williams conveyed the westerly lot to one Vail, by a deed not in terms referring to the drain, but containing the expression, "together with all and singular the hereditaments and appurtenances." Vail conveyed the lot, in 1851, by a deed containing the following clause "With the appurtenances and the free and uninterrupted use of the drain in common with the other owners." Through several mesne conveyances the plaintiff, in 1860, acquired title to the lot by a deed recorded in 1871, containing a similar clause to that last above set forth, and commenced to occupy the lot and to use the drain in 1860, continuing such occupation and use until May, 1885, when the defendant obstructed the drain upon his own lot. The deed to Davidson, under which the defendant acquired title to the lot thereby conveyed, was not recorded until 1873.

*Held,* that as the defendant's lot had been actually occupied since 1845 by Williams' grantees and those holding under them, the plaintiff was put upon inquiry as to their title and took nothing from priority of record.

That the evidence did not establish adverse user of the drain by the plaintiff sufficient to ripen into a title.

The defendant's brother, while in charge of the defendant's lot, collected of the plaintiff five dollars for repairs of the drain.

*Held,* that, assuming that the defendant did this by the hand of his brother, it did not amount to a conveyance of the drain or of the right to use it.

That while it was evidence of notice of the plaintiff's user, of and from that date, and might amount to a revokable license, it was not a grant or estoppel sufficient to pass the title to real estate.

*Wiseman* v. *Lucksinger* (84 N. Y., 31) followed.

APPEAL from a judgment in favor of the plaintiff, entered in Albany county upon the decision of the court, upon a trial at the circuit without a jury.

The action was brought to establish the right of the plaintiff to maintain and use a drain or sewer leading from his own premises across the premises of the defendant, and to enjoin the defendant from obstructing the same. The evidence tended to show that, in 1845, Platt Williams was the owner of five lots situate between Clinton avenue (formerly Patroon street) on the north and Orange street on the south, as shown in the following diagram :

THIRD DEPARTMENT, NOVEMBER TERM, 1887.

Platt Williams conveyed these lots to several grantees, and under mesne conveyances the title to the most westerly lot, fronting upon Clinton avenue, was, at the commencement of this action, owned by the plaintiff; the lot adjoining upon the east by William Carroll, the lot adjoining William Carroll's on the east by the defendant, and the lot east of and adjoining the defendant's by George Carroll. These four lots front upon Clinton avenue. In the rear of George Carroll's lot, and fronting upon Orange street, is the lot of Mr. Flood. Before conveying any of these lots Platt Williams constructed a drain beneath the surface, commencing upon the most westerly lot, now owned by the plaintiff, and extending easterly across the rear of the lots fronting upon Clinton avenue, now owned by William Carroll and by the defendant, and to and upon the lot next east of the defendant's lot, and turning thence southerly across Flood's lot to Orange street. This drain was not visible from the surface.

Platt Williams first conveyed the lot now owned by defendant. He gave a deed thereof to one Davidson in 1845, but it was not recorded until 1873. This deed contained the following clause: "The said party of the second part is to have the use of the drain in the rear of said premises, leading from thence through another lot of the parties of the first part to the public drain in Orange

street; but the said party of the second part is hereafter to con-
tribute proportionately to the expense of keeping the drain in
repair." The deed to the defendant referred to this deed, with
respect to the drain. Williams conveyed the lot now owned by
plaintiff to Charles Vail, in 1849. This deed did not in terms refer
to the drain, but contains this expression: " Together with all and
singular the hereditaments and appurtenances," etc. Vail conveyed
the same lot to William Rennie in 1851, the deed containing the
following clause: " With the appurtenances and the free and unin-
terrupted use of the drain in common with the other owners."
After several mesne conveyances, the lot was conveyed to the
plaintiff in 1860 by deed recorded in 1871; the deed containing
the clause, " together with the free and undisturbed use of the
drain in common with the other owners, with the appurtenances."
The plaintiff commenced the occupation of the lot under his deed
and the use of the drain in 1860, and continued such occupation
and use until May, 1885, when the defendant obstructed the use
of the drain by cutting it off and plugging it up with clay upon
his own premises. Other facts are stated in the opinion. The trial
court directed judgment for the plaintiff.

*Isaac Lawson*, for the appellant.

*G. L. Stedman*, for the respondent.

LANDON, J.:

The deed from Williams to Griswold, in 1845, of the lot now
owned by defendant, was the first conveyance by the common
grantor of any of the lots affected by the drain. If that deed
cut off or excluded the right of drainage from the lot subse-
quently conveyed by Williams to the plaintiff's grantor, then, no
matter what right Williams attempted to convey, he conveyed no
right of drainage across defendant's lot, for he had none to sell.

This was an underground drain and was not open and visible,
and therefore bears no relation to such visible and open water-
courses as the common owner of a parcel of land may create upon
it, and then subdivide it and sell the subdivisions to different own-
ers. In such a case, the artificial water-course, among the several
purchasers, is governed by the same rule as a natural water-course

(*Lampman* v. *Milks*, 21 N. Y., 505; *Roberts* v. *Roberts*, 55 id., 275.) But an underground drain which is not apparent to the purchaser from the common owner, is not governed by the same rule. (*Butterworth* v. *Crawford*, 46 id., 349.) The grantee, in such a case, takes his land according to the terms of his deed; he has the right to suppose that the apparent condition is the real one, and if the deed gives no notice of any right in favor of the lot retained by the grantor upon or across the lot conveyed, the latter lot is freed from the servitude. The grantor cannot both sell his right and keep it. (Id.; *Outerbridge* v. *Phelps*, 13 Jones & S., 555.)

The clause in the deed from Williams to Davidson, referring to a drain, gives no notice that the defendant's lot is burdened by a servitude in favor of the grantor's lots on the west; the language is clear and distinct to the effect that the defendant's lot is benefited by the right to have the use of the drain leading from it through another lot of the grantor to Orange street, but there is not one word of intimation that it is burdened by any servitude in favor of the grantor's lots on the west. It is significant that the benefit conferred is expressed, and that the servitude claimed is suppressed.

Plaintiff's grantors obtained no right over the defendant's lot from any grant of Williams. The plaintiff acquired no right by virtue of the priority of the record of his deed. The defendant's lot has been actually occupied since 1845, by William's grantees and those holding under them; plaintiff was, therefore, put upon inquiry with respect to their title, and hence takes nothing from priority of record. The evidence does not establish adverse user of the drain by plaintiff sufficient to ripen into a title. Such user from its nature would be non-apparent. Hence the adverse user would not begin to run until it was brought to the notice of the defendant or some one of his grantors other than Williams, the common grantor. (*Ward* v. *Warren*, 82 N.Y., 265, 268; *Nicholls* v. *Wentworth*, 100 id., 455; *Parker* v. *Foote*, 19 Wend., 309; *Hannefin* v. *Blake*, 102 Mass., 297.) No notice is brought to any one in possession of defendant's lot until 1874, and then that notice was not brought to defendant, but to his brother, who was in charge of the lot. Assuming such notice to have been to the defendant, it is too recent to permit the user ripening into a right.

Defendant's brother, while in charge of defendant's lot, collected

of plaintiff five dollars for repairs of the drain. Assuming that the defendant did this by the hand of his brother, it did not amount to a conveyance of the drain, or of the right to use it. It was evidence of notice of the plaintiff's user of and from that date; it may have amounted to a revocable license; but it was no grant or estoppel sufficient to pass title to real estate. (*Wiseman* v. *Lucksinger*, 84 N. Y., 31.)

The judgment should be reversed, new trial granted, costs to abide event.

LEARNED, P. J., and WILLIAMS, J., concurred.

Judgment reversed, new trial granted, costs to abide event.