CAROLINE W. SOMMER, RESPONDENT, *v.* THE NEW YORK ELEVATED RAILWAY AND ANOTHER, APPELLANTS.

*Joinder of legal and equitable causes of action — plaintiff cannot thereby deprive the defendant of her right to try the legal branch of the case by a jury.*

Where in an action brought to recover past and future damages, arising from the erection of an elevated railroad in the city of New York, it appeared that the heirs of the former owner of the fee had assigned such past damages to the plaintiff soon after she had taken title to the land.

*Held,* that said claim for past damages was a separate and distinct matter not connected with the right to seek equitable relief against the continuance of the trespass, and hence, as to that branch of the case, the defendants were entitled to a jury trial.

That, by joining in one complaint an equitable and a legal cause of action, the plaintiff could not deprive the defendants of their right to try the legal cause of action by a jury.

APPEAL by the defendants, the New York Elevated Railroad Company and the Manhattan Railway Company, from a judgment, entered in the office of the clerk of the county of New York on the 6th day of December, 1890, in favor of plaintiff, after a trial at the New York Special Term before the court.

*S. B. Rogers,* for the appellants.

*C. Q. Bennett,* for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover damages, past and future, arising from the erection of the railroad in front of the premises 358 Ninth avenue. The plaintiff purchased this property on the 2d of July, 1888. She is the wife of Louis Sommer, one of the four heirs-at-law of Philip Sommer, deceased, who died in 1874 intestate, seized in fee of the premises, and leaving him surviving four children and a widow, since deceased. The children continued to hold the title to and remained in possession of the premises until the 2d of July, 1888, when the property was conveyed to one Charles A. Flammer who, on the same day, conveyed the premises to the plaintiff.

This action was begun on the 12th of February, 1889. On the 6th of February, 1889, by an assignment in writing, the children of Philip Sommer, the tenants in common, sold and transferred to the plaintiff all their right, title and interest in and to any damage arising by reason of the maintenance and operation by the defendants of the elevated railroad and structure in front of said premises. The plaintiff asks for an injunction in case of non-payment of the damages to the fee, and, incidental thereto, for the past damages accruing as soon as she acquired the title to the property, and, also, for the damages which had accrued to her predecessors in title and which had been assigned to her. The answer alleged, amongst other things, that for the injuries or cause of action alleged in the complaint the plaintiff had a complete and adequate remedy at law. When the case came on for trial the counsel moved, amongst other things, that the issue of past damages under the assignment be sent " to the circuit of this court" (the counsel evidently not being aware that the Circuit Court is not a part of the Supreme Court, but an

independent tribunal), for trial by jury, upon the ground that the defendant was entitled to such form of trial as a matter of right. This motion was denied, and in such denial we think error was committed.

The action for past damages was strictly an action at law; such right to claim damages had been severed from the realty, and the plaintiff had procured title to the same by assignment. It was in no way connected with or incidental to her right to obtain an injunction in case future damages to the fee were not paid. The cause of action for those damages which have been assigned was separate and distinct. The right to their recovery by the conveyance of the premises had been severed and disconnected from the right to seek equitable relief against the continuance of the trespass.

Under these circumstances the defendants had a right to a trial by a jury in respect to that cause of action. This principle seems to have been distinctly enunciated in *Wheelock* v. *Lee* (74 N. Y., 495), where it is held that the joinder of an equitable cause of action with others purely legal does not deprive the defendant of a right to a trial by jury, and that when such an action is brought to a trial at Special Term, and the defendant demands a jury trial, the judge must determine whether any of the grounds upon which a recovery are sought are such as at the adoption of the Constitution were redressed by an action at law, and if so, should direct the case to be tried by a jury at circuit, or, at all events, should refuse to try the cause without a jury.

By joining the legal cause of action with the equitable one the plaintiff has no power to deprive the defendant of the constitutional right to a trial by jury. Although the plaintiff may himself, by joining such causes of action, be deprived of the right to a trial by jury, such joinder in no way affects the rights of the defendant. This case, so far as the assigned damages were concerned, was an action for damages for a past trespass in respect to which no equitable relief could be granted, and the defendant was entitled to a jury trial in respect thereto.

The point that defendant was entitled to a jury trial as to the whole cause of action, because the complaint alleged a nuisance, is not well taken. The allegations in the complaint are just as consistent with the action of trespass as with the action for a nuisance.

There is nothing which stamps the complaint with the character of an action for a nuisance such as there was in the case of *Libmann* v. *Manhattan Railroad Company* (59 Hun, 428), and if there was any doubt upon that proposition the defendant should have called upon the plaintiff to declare before proceeding with the trial whether he claimed equitable relief because of a continuing trespass or because of a nuisance. Under such circumstances, if the plaintiff had claimed damages upon the ground of a nuisance, then, clearly, the defendant would have been entitled to a jury trial; but such did not appear.

We think that the judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

Daniels, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.