By the Court.—Freedman, J.
The action was brought to obtain, and by the judgment appealed from the plaintiff did obtain, injunctive relief against' the maintenance and operation of defendants’ elevated *447 railway in front of his premises. Upon the trial the plaintiff attempted to recover besides damages to the property during his own ownership, damages sustained by his father as former owner between April 17, 1882, and October 18, 1882, and which had been assigned to the plaintiff. The defendants, from the start and throughout the trial, insisted that these assigned damages were not incidental to plaintiff’s equitable cause of action, and that as to them they had a right of trial by jury. The trial judge overruled the objections of the defendants in this respect and, against their exceptions, determined and awarded such damages. This constituted error. The principle which permits past damages to be assessed in actions of this character as incidental to the relief granted, is exceptional. Its purpose is to prevent the necessity of the plaintiff’s bringing two actions upon his own grievances. But it ought not to be so extended as to permit a plaintiff to purchase an outstanding claim of another person enforceable only at law, and to unite it with a claim of his own for equitable relief and thus to deprive the defendants of the right to a mode of trial which would have been secured to them by the constitution and the laws of the state had the claim been put in suit by its original holder. The precise point has been determined by the general term of the Supreme Court, first department, in Sommer v. The N. Y. Elevated Railway Co., and another, 60 Hun, 148, in accordance with the foregoing views.
• I am also of the opinion that the award of past damages and the assessment of damages to fee value should not be permitted to stand. The premises, with respect to which this action was brought, consist of a lot of land on the northeasterly corner of Sixth avenue and West Third street, having a frontage on Sixth avenue of 25 feet, and on West Third street of one hundred feet. Upon said premises there are erected four small buildings. The corner building has been used as a liquor store, and at least two of the others as houses of prosti *448 tution, but it is not necessary to stop to consider the •question of illegal use. The facts which stand forth in bold relief are that the premises in question were sold in 1866 to Ignatius Flynn for $20,000 ; that in 1867 they were sold to Henry Siefke, plaintiff’s father, for $21,500 ; that in 1882 plaintiff’s father conveyed them to the plaintiff for $15,000; that the complaint demanded $12,000 for permanent loss of fee value, and that the trial judge awarded $26,900 for such loss. For past damages the complaint demanded $5,000, and the trial judge awarded' $14,500. The evidence is too voluminous and complicated to be discussed in detail, and I have to content myself with the statement that a careful and thorough examination of it has satisfied me that it does not support the conclusions of the trial judge above referred to. It is quite true that in consequence of the maintenance and operation of the elevated railway upon two sides of the premises, namely, on Sixth avenue and West Third street, the plaintiff sustained a greater injury than any other owner of an abutting lot of equal size and similarly affected upon one side only, but, after all, the award of damages must be founded upon a fair and reasonable construction of the evidence in view of all the facts and circumstances disclosed and the probabilities properly deducible therefrom, according to common experience, and such a construction of the evidence in this case does not sustain the relief granted. The amounts awarded are, therefore, unwarranted by the evidence as well as in excess of the amounts demanded in the complaint.
The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.
Sedgwick, Ch. J., and McAdam, J., concurred.