CORNELIUS F. KINGSLAND, Respondent, *v.* THE KINGS COUNTY ELEVATED RAILWAY COMPANY, Appellant.

*Judgment reversed upon questions of fact — consent to the erection of an elevated railroad — reservation therein as to damages — equity jurisdiction, not created by an assignment of past damages to the party entitled to equitable relief for injury to the fee.*

To justify the reversal of a judgment on questions of fact, it is not sufficient that the appellate court might have arrived at a conclusion different from the determination of the trial court, but in order to justify such a reversal, the proof must so clearly preponderate in favor of the party against whom the judgment was rendered, that it may be said with a reasonable degree of certainty that the trial court erred in its conclusion.

The condition contained in a consent given by the owner of premises abutting on a street for the erection of an elevated railway thereon, that the execution thereof should not in anywise affect the abutter's claim to damages, but that the right to and the extent of compensation should be left entirely unaffected, to be dealt with according to law, reserves to the owner of the premises the right to equitable remedies to enforce compensation against the elevated railroad company, as well as the right to remedies at law.

Equity takes cognizance of the subject of past damages to real estate, by reason of the construction and operation of an elevated railroad, only as incident to the administration of equitable relief for injury to the fee, and if past damages are severed from the property by its conveyance, the fact that they have been assigned to one who has an equitable cause of action for injuries to the fee of such premises does not give equity jurisdiction of the question of past damages.

APPEAL by the defendant, The Kings County Elevated Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 27th day of April, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term, awarding the plaintiff $500 for rental damages, and restraining the defendant from maintaining and operating its elevated railroad in front of the plaintiff's premises unless it shall pay to the plaintiff the sum of $2,000, the amount fixed as the fee damages to the plaintiff's premises.

The court found among other facts:

That in and by the deed conveying said premises to the plaintiff his grantor assigned and transferred to the plaintiff all his right to damages and compensation against the defendant corporation for damage sustained by plaintiff's grantor.

And among other conclusions of law:

That plaintiff is entitled to judgment against the defendant corporation for the sum of $250, being the amount of damages to the rental value of said premises from the 31st day of May, 1890, to the 6th day of March, 1894; and in the further sum of $250 as damages to the rental value of said premises from the 1st day of May, 1888, to the 31st day of May, 1890, amounting in all to the sum of $500.

*W. A. Poste*, for the appellant.

*Theodore B. Gates*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment of the Special Term in favor of the plaintiff. The action, save in one particular, is the usual one by an abutter for injury to the fee and for past damages.

The most earnest contention of the appellant is, that the trial court erred in the question of fact as to the amount of damages, both to the fee and to the rental value. It does seem to us as if the evidence of the witnesses to the depreciation in the value of the property was more speculative than based on actual facts. But to justify us in reversing the judgment below on this ground it is not sufficient that we might have arrived at a different conclusion. The proof must so clearly preponderate that it can be said, with a reasonable degree of certainty, that the trial court erred in its conclusion. (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Barnard* v. *Gantz*, 140 id. 249.) We do not think the evidence so clear as to justify us in such a finding.

The appellant put in evidence a consent to the construction of the road executed by one Henry Mangles. We assume from the record before us, though the will is not set out in it, that the title to the property at the time was in Anna Mangles and Claus D. Doscher as trustees under the will of Henry Mangles, deceased. Assuming that authority from Anna Mangles for the execution of the consent was proved, still the consent was inoperative, as the other trustee did not join in it. Besides this, the consent provided that its execution should not in anywise affect the abutter's claim to damages, but the right to and the extent of compensation should be left entirely unaffected, to be dealt with according to law. This condition, we

think, reserved to the owners the right to equitable remedies to enforce compensation as well as the right to remedies at law.

The plaintiff was allowed $250 as damages to the rental value, while the property was owned by his predecessor in title, the right to which was assigned to him by a special provision in his deed. Equity takes cognizance of the subject of past damages only as incident to the administration of equitable relief for injury to the fee. The damage was severed from the property by its conveyance. These damages, unless assigned, would have been retained by the plaintiff's grantor, who could bring only an action at law for their recovery. The fact that they have been assigned to one who has an equitable cause of action does not give equity jurisdiction over them. (*Sommers* v. *N. Y. El. R. R. Co.*, 60 Hun, 148 ; *Siefke* v. *Manhattan El. R. R. Co.*, 14 N. Y. Supp. 763.)

The judgment appealed from should be reversed, unless plaintiff consents to reduce the same by $250 and interest, in which case the judgment, as modified, is affirmed, without costs to either party.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event, unless plaintiff stipulates, within twenty days, to reduce the judgment by $250 and interest, in which case judgment so rendered is affirmed, without costs.