turned over to the defendant Taggart, assignee, upon his giving a
bond, with sufficient sureties, conditioned for the payment to each
creditor or shareholder resident in the state of New York the same
dividend on his claim that may be awarded other shareholders or
creditors, without any deduction on account of any sum he may
receive from the special fund deposited in this state, and that in
default of such payment he will, on the order of the court, return
to the receiver in this state the fund so turned over to him; and
as thus modified the decree of the special term should be affirmed,
without costs. All concur.

---

KORNDER v. KINGS COUNTY EL. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. EMINENT DOMAIN—ELEVATED RAILROADS—EFFECT OF CONSENT OF OWNER.
   The consent of an adjacent owner to the construction and operation
   of an elevated railway company, as required by Const. art. 3, § 18, pro-
   vided that it should not be construed to affect "any right" of the owner
   to compensation for damage actually done or resulting by reason of the
   construction and operation of the road in front of the owner's property,
   and the right to and the extent of such compensation were to be left
   unaffected. *Held* not to bar the right of the owner to sue in equity to
   restrain the operation of the road until compensation be paid for the
   encroachment.

2. SAME—RIGHTS OF GRANTEE.
   The grantee of property abutting on an elevated railroad track has
   the same right as his grantor had to recover compensation for encroach-
   ment on the easement.

Appeal from trial term, Orange county.

Action by Philip J. Kornder against the Kings County Elevated
Railway Company and another. From a judgment for defendants,
plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Jesse Johnson, for appellant.
Welton C. Percy, for respondents.

WOODWARD, J. This is an action in equity to restrain the
operation of the defendants' elevated railroad in front of the plain-
tiff's premises, and to compel the removal of the structure, unless
the defendants pay to the plaintiff the amount of loss and damage
sustained by him as a result of the maintenance of the structure.
The learned court at special term found that plaintiff's right to
equitable relief was barred by a consent given to the defendant
corporation, and gave judgment for the defendants. It also found
the fee damage to plaintiff's lot to be $1,000, so that, if its con-
clusion were incorrect, the proper judgment could be entered on
appeal. From this judgment the plaintiff appeals.

The important question on this appeal is as to the effect of the
consent in question. The defendant corporation, before erecting

its road, obtained the consents required by law (section 18, art. 3, Const.), and, among them, that of the plaintiff's predecessor in title, to the construction and operation of the railroad. "The giving of this consent, however, shall not be construed to affect any right of the undersigned to compensation for damage actually done or resulting by reason of the construction and operation of such railway or railways in front property of the undersigned bounded upon the said street or highway, and the right to and the extent of such compensation shall be left unaffected by this instrument, to be dealt with according to law and the equity of each case." The consenting parties were thus estopped from denying the legality of the structure, but their right to recover damages was not to be affected. The consent was "not to be construed to affect any right" to compensation, and "such compensation shall be left unaffected by this instrument." The consenting abutting owners could not deny the right of the railroad to the street, but they were entitled to claim that their rights to recover from the defendant damages for the injury to their property remained unaffected by the consent; and their most important—their only complete—remedy is the action in equity to restrain the operation of the road unless the damages are paid. This consent was undoubtedly drawn by agents for the company, and the well-known rule in insurance cases, that doubts as to the construction of contracts should be resolved in favor of the insured, where such a course is not opposed to the clear intent of the instrument, may be resorted to here. The consent in the case at bar was that provided for in the constitution, with the condition that all rights were reserved to the consenting parties. Counsel for the defendants contends that nothing but "his legal rights" were reserved to the abutting owner; "i. e. that he should not be barred entirely." But in view of the strong reservation of the consent, that it should not affect any right, it is hardly necessary to say that the contention has no foundation. Counsel also cites several cases to show that the giving of consent bars the owners' right to recover damages, but the cases are not in point, for in each the consent was absolute and unconditional. He lays especial stress on the argument that plaintiff could not bring an action in ejectment or trespass. But, while it is true that these equitable actions for injunctive relief have been partly based upon the theory that the defendant is a trespasser, the principal ground has invariably been that the building of the road is a taking of the abutter's property, and the landowner should be compensated for an interference with his natural and valuable right. As was said in Kane v. Railroad Co., 125 N. Y. 164, 185, 26 N. E. 278, it would be gross injustice to deprive the abutting owners of their rights in the public street without compensation. It is difficult to believe that a court of equity will say that by giving the statutory consent the plaintiff's grantor gave up his right to relief in equity, when that consent was expressly conditioned upon the reservation of all his rights. Though he may not say that the defendant is a trespasser, his rights are not to be affected by the consent, and surely it cannot be said

with reason that they are not affected if the equitable remedy be denied him.

The plaintiff has the same right to recover that his grantor had. In a similar case (Pappenheim v. Railway Co., 128 N. Y. 436, 452, 28 N. E. 518) Judge Peckham said:

"If the original owner thus choose to sell his property without enforcing those rights which he has only by virtue of such ownership, the purchaser at any rate takes his fee, and with it the rights of such an owner."

To the same effect is Foote v. Railway Co., 147 N. Y. 367, 42 N. E. 181, where the defendant endeavored to show that the plaintiff was prevented from recovering because of an alleged abandonment of the easement by his immediate grantor. The following language is used (147 N. Y. 375, 42 N. E. 183):

"What was there to affect this plaintiff's ownership in the land and its appurtenant street easements, or to prevent him from bringing this action? He was not a party to any of the antecedent transactions between his predecessor in the title. Nothing. of record gave him notice of such an agreement. Upon what equity was he put when he purchased the property? The presence of the elevated railroad in the street was not notice of anything to him. It was a trespasser for whose unlawful acts the law afforded remedies available to the abutting owner. * * * There had been no extinguishment of the easements. They existed, and would exist until properly appropriated and compensation made. The defendants had not acquired them, nor had they been abandoned."

In White v. Railway Co., 139 N. Y. 19, 34 N. E. 887, it was held that an abutting owner was barred by his absolute consent; but the court plainly intimated that the construction placed upon the consent would have been quite different if the consent had been conditional.

Kingsland v. Railway Co., 83 Hun, 151, 31 N. Y. Supp. 582, was an action against the present defendant, where a consent had been given, providing that it should not affect the abutter's claim for damages, and that the compensation should be dealt with according to law. The court, Mr. Justice Cullen, writing, said:

"This condition, we think, reserved to the owners the right to equitable remedies to enforce compensation, as well as the right to remedies at law."

Counsel for defendants objects that this was obiter, and that it was contrary to well-settled principles of equity as laid down in the cases which he cited, and asks us to re-examine it. He fails to point out the alleged principles with which the statement is in conflict, and we take occasion here to reaffirm the statement, as the proper interpretation of the meaning of such conditional consents.

As the defendant corporation has never made compensation for its encroachment upon the plaintiff's easement, as the conditional consent of the plaintiff's grantor did not bar his equitable right, and as the plaintiff is certainly in as good a position as his grantor, we think the judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.