BON v. KINGS COUNTY EL. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. APPEAL—EVIDENCE—PRESUMPTIONS—ELEVATED RAILWAYS—DAMAGES.

An assessment against an elevated railroad company for damages to an abutting landowner, arising from the construction of the road, will be sustained, unless the conclusion reached by the trial court is palpably erroneous.

2. SAME.

The assessment will be sustained without deduction, though a third interest in the land had been acquired from one who had released the company from damages, where the assessment is not excessive for the remaining two-thirds interest, and the record does not show that the court did not exclude damages for the one-third interest.

Appeal from special term, Kings county.

Action by Isidore M. Bon against the Kings County Elevated Railway Company and James H. Frothingham, as receiver of the company. Judgment for plaintiff, and all the parties appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Jesse Johnson, for plaintiff.

Welton C. Percy, for defendants.

PER CURIAM. . The court has found, upon conflicting proof, that the plaintiff was entitled to recover damages to the fee of his property by reason of the construction of the defendants' elevated structure in Fulton street. There is no reasonable doubt that the construction of this elevated railroad in the street, and its maintenance, and the operation of cars thereon, resulted in damage to the value of the property, and entitled the plaintiff to recover and to have the relief which he sought. In one view of the case, the sum which has been awarded for fee damage is inadequate, as a measure of the damage sustained; in another view, it might be deemed excessive. It is not only difficult, but impossible, to determine with mathematical accuracy just how much damage has been inflicted by the elevated structure, and how much injury has been sustained from other causes. It is admitted that upon Fulton street, easterly from the city hall, business has centered, and property in that locality has very much increased in value, although the defendants' elevated structure is continued through that street. The erection of the Brooklyn Bridge, and the change in its terminals, and other causes not necessary now to mention, have operated, to a greater or less degree, to diminish the value of plaintiff's property. It is true that Fulton street, easterly from the city hall, is wider than is the street opposite plaintiff's premises, and thus is given a more ample space for the transaction of business in the former locality. But, making due allowance for such condition, it is quite apparent that business sought such locality quite independent of any conditions created by the defendants' structure. The defendants cannot be held liable for any damage except such as flows immediately as a consequence of their acts. In apportioning such measure of damages, uncertainty must always attend, and, unless the conclusion reached by the trial court is palpably erroneous, no ground is established which authorizes this court to interfere. In view of the conflicting character of the proof, it is easily seen that the court was justified by the testimony in reaching the conclusion and making the assessment which it did. We find no legal error, therefore, upon which the plaintiff is entitled to have the judgment reversed.

The plaintiff's property, prior to the construction of the road, was owned by other parties, from whom he took title. Two of plaintiff's grantors gave their consent to the construction of the road, reserving in such consent the right to have their damages thereafter assessed. The consents were in form the same as was considered by this court in Kornder v. Railway Co., 41 App. Div. 357, 58 N. Y.

Supp. 518, where it was held that the action might be maintained to enforce the legal and equitable remedies which the former owners were entitled to enforce, as by the transfer of title the plaintiff succeeded to their rights.

In the case of Mrs. Swan, the other grantor, the consent was different in form, and the reservation of right to enforce legal and equitable remedies was different, and, it is claimed by the defendants, precluded her or her successor from maintaining an action to enforce any legal or equitable rights. It is not necessary in this case to determine whether Mrs. Swan, or the plaintiff, who succeeded to her interest, is entitled to maintain such action or not. The claim of the defendants is that they are entitled to a deduction of one-third in amount of the award of fee damages, which would represent the value of the interest in the property formerly owned by Mrs. Swan. We think this result should not obtain. It does not clearly appear by the decision of the trial court but that the damage to the property to the extent of this interest was excluded by the court, and the evidence is abundant to show that the court could have reached the conclusion that plaintiff's damage was equal to the sum at which it was assessed, excluding the Swan interest. It is quite probable that this was the view taken by the court, and, as the evidence is sufficient to support the finding which has been made excluding this interest, the defendants do not show that they are entitled to any deduction from the award, or that they have suffered any damage by reason of the conclusion which has been reached. It follows that the defendants may not succeed upon their appeal. We think the conclusion reached by the court below was as accurate and just as the nature of the case and the testimony permitted. The judgment should therefore be affirmed.

Judgment affirmed, without costs of this appeal to either party.