KLIN CO., INC., Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.

(Argued May 20, 1936; decided July 8, 1936.)

*Trabue Carswell* and *George D. Yeomans* for appellant.

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Charles Blandy* of counsel), for City of New York, *amicus curiæ.*

*H. H. Nordlinger* and *Jacob I. Charney* for respondent.

LOUGHRAN, J. This suit is brought to recover for damages to easements of light, air and access appurtenant to premises of the plaintiff abutting on Jamaica avenue, Queens, city of New York.

The gist of the complaint is that the maintenance and operation by the defendant of an elevated railroad structure erected in Jamaica avenue " constitute a continuing trespass and nuisance, and thereby plaintiff's interest and property in said premises have depreciated in value."

We are concerned only with the question of the validity of two defenses in substance stated as follows: (1) " The defendant and its grantors and predecessors have been in the actual visible, continued occupation and possession of so much of said easements as have been interfered with, obstructed or destroyed, holding the same under claim of right, and of title in fee simple, exclusive of any other right, adversely to the pretended title of the plaintiff for fifteen years last before the commencement of this action." (2) " The alleged cause or causes of action attempted to be set forth in the complaint herein did not, nor did any of them, accrue to the plaintiff herein or to its predecessor or predecessors in title within fifteen years next preceding the commencement of this action."

These defenses have been stricken out on the authority of *Felberose Holding Corp.* v. *New York Rapid Transit Corp.* (244 App. Div. 427). Defendant appeals by leave

of the Appellate Division upon this certified question: " Is the fifteen year Statute of Limitations set up in the first and second affirmative defenses herein, applicable to the subject matter of this action? "

We are not to be detained by such refined inquiries as whether there may be " possession " of an easement, or whether the defendant could " acquire " an integral part of the plaintiff's property " indissolubly annexed thereto." (*Kernochan* v. *New York Elevated R. R. Co.*, 128 N. Y. 559.) For the purposes of this appeal, it is conceded that the existence of the defendant's railroad in the street for the applicable period of prescription would bar the plaintiff's right of action. (*Hindley* v. *Manhattan Ry. Co.*, 185 N. Y. 335, 355.)

This action was commenced in July, 1935. By amendments effective September 1, 1932, the period of our statutory limitations upon actions to recover real property or the possession thereof was reduced from twenty years to fifteen. (Civ. Prac. Act, §§ 34–37, as amd. by Laws of 1932, chs. 261–264.) The sole question now before us is whether this change in the Statutes of Limitations should be extended to reduce to fifteen years the period of twenty years theretofore necessary for acquiring incorporeal hereditaments by prescription.

That this result is dictated on principle and would have the sanction of the general attitude of the courts is not to be doubted. (22 Am. & Eng. Ency. of Law [2d ed.], p. 1212; Jones on the Law of Easements, § 160; 2 Tiffany on the Law of Real Property [2d ed.], pp. 2028–2030.) We turn to the reasons for a contrary view assigned in the opinion of the Appellate Division in *Felberose Holding Corp.* v. *New York Rapid Transit Corp.* (*supra*).

It was said that differences between corporeal hereditaments and easements prevent full application of the same rule in both cases. This must be admitted, but it is not a reason for refusing to follow the analogy of the Statutes

of Limitations as far as that analogy goes. "There is no reason for affording greater protection to incorporeal rights than to the land to which those rights are appurtenant." (*Scallon* v. *Manhattan Ry. Co.*, 185 N. Y. 359, 363.)

It was said that the term of twenty years formerly requisite to raise a right by prescription has acquired so fixed a status that failure of the Legislature to reduce it must be taken to leave that term unabridged. We cannot make this assumption of a legislative purpose to have the courts follow the analogy of a period of limitations that was no longer to be the law.

It was also said that the presumption of lost grant (a fiction on which the doctrine of prescription was reared) may be rebutted by slight evidence. This does not mean that evidence is admissible to show no grant was made. The presumption is a rule of property. (*Ward* v. *Warren*, 82 N. Y. 265, 268. See Thayer, Preliminary Treatise on Evidence, p. 317.)

This court is committed to the view that the doctrine of prescription is to be treated as the application to incorporeal rights of the Statutes of Limitations within the limits of the strong analogy between the two rules. (See, also, *Lewis* v. *New York & Harlem R. R. Co.*, 162 N. Y. 202.) It follows, we think, that the period of prescription must be deemed to be changed in accordance with changes in the statutory period of limitations.

The orders should be reversed, with costs in all courts, and the motion to strike out the first and second affirmative defenses denied. The question certified is answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Orders reversed, etc.