VANTON CORPORATION, Respondent, *v.* NEW YORK RAPID TRANSIT CORPORATION, Appellant.

Argued January 3, 1938; decided March 8, 1938.

*Trabue Carswell* and *George D. Yeomans* for appellant. The plaintiff's motion to strike out the first affirmative defense was properly denied by Special Term, and the Appellate Division erred in modifying the order of Special Term by striking out said affirmative defense. (*Story* v. *N. Y. El. Ry. Co.*, 90 N. Y. 122; *Lahr* v. *Met. El. Ry. Co.*, 104 N. Y. 268; *New York Nat. Exchange*

*Bank* v. *Met. El. Ry. Co.*, 108 N. Y. 660; *Abendroth* v. *Man. Ry. Co.*, 122 N. Y. 1; *Kane* v. *N. Y. El. R. R. Co.*, 125 N. Y. 164; *Wiswall* v. *Sampson*, 14 How. [U. S.] 52; *Pennsylvania Steel Co.* v. *N. Y. C. Ry. Co.*, 161 Fed. Rep. 786; *Pine Lake Iron Co.* v. *Lafayette Car Works*, 53 Fed. Rep. 853; *Staten Island M. R. R. Co.* v. *Hinchliffe*, 170 N. Y. 473; *Weis* v. *West*, 235 App. Div. 766.) The plaintiff's motion to strike out the fifth affirmative defense was properly denied by Special Term, and the Appellate Division erred in modifying the order of Special Term by striking out said affirmative defense. (*White* v. *Man. Ry. Co.*, 139 N. Y. 19; *Heimburg* v. *Man. Ry. Co.*, 162 N. Y. 352; *Ward* v. *Met. El. Ry. Co.*, 152 N. Y. 43; *Conabeer* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 474; *Drucker* v. *Man. Ry. Co.*, 213 N. Y. 543; *Van Cortlandt* v. *N. Y. C. R. R. Co.*, 265 N. Y. 249; *Klin Co.* v. *N. Y. R. T. Corp.*, 271 N. Y. 376; *Mackall* v. *Casilear*, 137 U. S. 556; *City of N. Y.* v. *N. Y. C. R. R. Co.*, 275 N. Y. 287; *O'Reilly* v. *N. Y. El. R. R. Co.*, 148 N. Y. 347; *Murdock* v. *P. P. & C. I. R. R. Co.*, 73 N. Y. 579; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 111; *Herzog* v. *N. Y. El. R. R. Co.*, 78 Hun, 486; 151 N. Y. 665.) The plaintiff's alleged cause of action is barred either by the ten or the fifteen-year Statute of Limitations, and, therefore, it was error to strike out the third and fourth affirmative defenses. (*Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35; *Logan* v. *United Interests, Inc.*, 236 N. Y. 194; *Rhinelander* v. *Farmers Loan & Trust Co.*, 172 N. Y. 519; *White* v. *Man. Ry. Co.*, 139 N. Y. 19; *Heimburg* v. *Man. Ry. Co.*, 162 N. Y. 352; *Cox* v. *City of New York*, 265 N. Y. 411; *Ford* v. *Clendenin*, 215 N. Y. 10; *Paige* v. *Schenectady Ry. Co.*, 178 N. Y. 102; *White* v. *M. Ry. Co.*, 139 N. Y. 19; *Conabeer* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 474; *Klin Co.* v. *N. Y. R. T. Corp.*, 271 N. Y. 376.) The plaintiff cannot maintain the action because the court has not jurisdiction of the subject of the action and the amended complaint does not state facts sufficient to constitute a cause of action. (*Baxter*

v. *McDonnell,* 154 N. Y. 432; *Matthews* v. *Matthews,* 133 N. Y. 679; *Green* v. *Stewart,* 19 App. Div. 201; *Gaines* v. *Miller,* 111 U. S. 395; *O'Reilly* v. *N. Y. El. R. R. Co.,* 148 N. Y. 347; *Murdock* v. *P. P. & C. I. R. R. Co.,* 73 N. Y. 579; *Williams* v. *N. Y. C. R. R. Co.,* 16 N. Y. 111; *Herzog* v. *N. Y. El. R. R. Co.,* 76 Hun, 486; 151 N. Y. 665; *Henderson* v. *N. Y. C. R. R. Co.,* 78 N. Y. 423; *McGean* v. *Met. E. R. Co.,* 133 N. Y. 9; *Berry* v. *N. Y. Municipal Ry. Co.,* 111 Misc. Rep. 432; 196 App. Div. 900; *English* v. *Brennan,* 60 N. Y. 609; *Whites Bank* v. *Nichols,* 64 N. Y. 65; *Trowbridge* v. *Ehrich,* 191 N. Y. 361.) Any cause of action reserved to the maker of the consent set out in the complaint has been barred by the six-year Statute of Limitations, and it was, therefore, error to strike out the second affirmative defense. (*Sommer* v. *N. Y. El. Ry. Co.,* 60 Hun, 148; *Siefke* v. *Man. El. R. Co.,* 14 N. Y. Supp. 763.)

*William C. Chanler, Corporation Counsel* (*Paxton Blair* and *Oren Clive Herwitz* of counsel), for city of New York, *amicus curiæ.* The proviso in the consent that the right to compensation shall be unaffected requires the application of the fifteen-year statute. Otherwise the consent would effect an unintended augmentation of the landowner's rights. (*White* v. *Manhattan Railway Co.,* 139 N. Y. 19; *Klin Co.* v. *N. Y. Rapid Transit Corp.,* 271 N. Y. 376.)

*Frank R. Rubel* and *Arthur J. W. Hilly* for respondent· The affirmative defenses contained in the answer are insufficient in law to constitute defenses to the cause of action alleged in the amended complaint. (*Kornder* v. *Kings County El. Ry. Co.,* 41 App. Div. 357; *Bon* v. *Kings County El. Ry. Co.,* 46 App. Div. 626; *Kingsland* v. *Kings County El. Ry. Co.,* 83 Hun, 151; *Pappenheim* v. *M. E. R. Co.,* 128 N. Y. 436; *Kane* v. *N. Y. El. R. R. Co.,* 125 N. Y. 164; *Galway* v. *M. E. R. Co.,* 128 N. Y. 132; *Abendroth* v. *Manhattan Ry. Co.,* 122 N. Y. 1; *Lahr* v. *Met. El. Ry. Co.,* 104 N. Y. 268; *Story* v. *N. Y. El.*

*R. R. Co.,* 90 N. Y. 122; *Sperb* v. *Metropolitan El. Ry. Co.,* 137 N. Y. 155; *Hinkley* v. *State,* 234 N. Y. 309; *Lewis* v. *New York & Harlem R. R. Co.,* 162 N. Y. 202; *Felberose Hldg. Corp.* v. *N. Y. R. T. Co.,* 244 App. Div. 427.)

CRANE, Ch. J. The New York Municipal Railway Corporation and its lessee, the New York Consolidated Railroad Company, having procured all necessary consents and the approval of the Public Service Commission, commenced the construction of an elevated railroad in Jamaica avenue, Queens county, and in front of the premises now owned by the plaintiff. The road was completed and in operation by July 3, 1918. The owners of the adjoining property at that time were the Stuyvesant Real Estate Company and the Long Island Railroad Company. They gave consents in writing to the erection of the elevated, reserving, however, rights stated thus:

" The giving of this consent, however, shall not be construed to affect any right of the undersigned to compensation for damage actually done or resulting by reason of the construction, maintenance and operation of such elevated railway in front of the property of the undersigned, and the right to such compensation shall be left unaffected by this instrument."

Through reorganization proceedings and final decree in the United States District Court for the Southern District of New York, all the property, franchises and rights of the above railroads were sold and conveyed on June 14, 1923, to the defendant New York Rapid Transit Corporation.

On May 11, 1923, the plaintiff acquired by conveyance the property here in question on the southerly side of Jamaica avenue which " now and since 1923 " consists of a two-story and cellar brick and steel frame semi-fireproof building. The deed of conveyance included " Together with all singular ways, passages, easements, rents, issues, profits and appurtenances thereunto belong-

ing." Past damages or compensation to previous owners apparently did not pass by this deed.

The plaintiff, the present owner, has brought this action perpetually to enjoin and restrain the defendant from maintaining and operating its said elevated railroad, asks that it be removed and that the damage which it has caused be assessed in a large sum. The prayer for relief is that which has been used in all similar cases.

In the brief plaintiff says: " It is frankly admitted by the respondent that it is entitled to no recovery for any of the damages that it has suffered prior to six years before the commencement of the action herein on July 30, 1935."

The plaintiff has treated this case as one in trespass and as if the defendant were committing a continuing wrong to its property. It has cited as authorities *Pappenheim* v. *Metropolitan El. Ry. Co.* (128 N. Y. 436); *Kane* v. *New York El. R. R. Co.* (125 N. Y. 164), and other like cases back to *Story* v. *New York El. R. R. Co.* (90 N. Y. 122). The entry upon the property in these cases or the taking of the easements was a violation in the beginning of the owners' rights, and as the user of them was unauthorized, the wrong or trespass continued as to all subsequent owners. Such is not the case here. The defendant's entry was not unauthorized; the taking and use of the easements of light, air and access were legal as the then owners had given their consent to such taking. Thus the railroad has not committed a wrong, is not a trespasser, and is liable, if at all, according to the reservation in the written consent obtained in April, 1916, above quoted.

We have held in *Klin Co.* v. *New York Rapid Transit Corp.* (271 N. Y. 376) that an action to recover for damages to easements of light, air and access appurtenant to the premises of an adjoining owner was barred by the fifteen-year Statute of Limitations where the entry or taking was unlawful. The complaint in that case alleged that the maintenance and operation by the defendant

of an elevated railroad structure in Jamaica avenue constituted a continuing trespass and nuisance, and thereby plaintiff's interest and property in said premises had depreciated in value. Unreasonable indeed would it be to say that *no* Statute of Limitations applies where the entry or taking has been by and with consent of the owner.

Under such consent with the reservations as above contained, the right to compensation or damages accrues at the time of the entry or the taking. The railroad built the elevated on the written consent of the abutting owner. *If* easements of any value were taken or *if* damages were done the railroad was to pay, or, in the exact words of the instrument, " this consent, however, shall not be construed to affect any right of the undersigned to compensation for damage actually done or resulting by reason of the construction, maintenance and operation of such elevated railway." The right reserved is that of the undersigned, the then owners, and the damage to be paid is that resulting from the structure in the street and the operation of the trains on it. There was no continuing trespass or wrong as there was no unlawful entry or taking. The railroad took the easements, if any, and was obliged either with or without agreement to pay for them at the time of the taking. The damage accruing to the owner at the time the railroad was operated started the running of the Statute of Limitations. This damage, by the reservation, the company was obliged to pay.

As more than fifteen years have elapsed since the action could have been brought by the abutting owner to recover his damage, we need not consider the arguments made in behalf of the six and ten-year statutes. Argument has been made that the action was at law for damage by the then owner and that the six-year statute applied. (*Kingsland* v. *Kings County El. Ry. Co.*, 83 Hun, 151.) Also that the usual ten-year statute for equitable actions was appropriate as the resort has been to equity for

relief whether or not consents had been given. (*Kornder* v. *Kings County El. Ry. Co.*, 41 App. Div. 357; *Bon* v. *Kings County El. Ry. Co.*, 46 App. Div. 626.) In these cases the Statute of Limitations was not raised or considered.

As the above consent reserved all rights to " the undersigned," we think it also carried all appropriate remedies, which included the appeal to equity to assess the damage, as had been repeatedly done in this special class of litigation.

Should we go further and assimilate these reserved rights and remedies to cases where the roads had been built without consent we would still find this action barred by the fifteen-year period, as in the *Klin Co.* case above.

For the reasons here stated the orders below striking out the defenses of the Statute of Limitations should be reversed, the motion denied, with costs in all courts, and the question certified answered in the negative.

LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Ordered accordingly.