# SUPREME COURT.

ADAM KURKEL agt. CHARLES T. HALEY and others.

*Easement — possession — ejectment.*

A person, in whose favor an easement or servitude exists, cannot be disturbed in its enjoyment by an action of ejectment or writ of possession in favor of the owner of the land on which the easement is impressed.

The action of ejectment is brought to recover the "*possession*" of land; and although, in such action, it may appear that the plaintiff is the owner of the fee, yet he cannot recover the *possession* when the land is subject to an easement or servitude in favor of the defendant, which would be thereby disturbed.

In such case the judgment should disclose the estate and interest of both parties, and that the plaintiff is entitled to the possession when the easement shall come to an end.

*Trial Term*, 1874.

*S. F. Higgins*, for plaintiff.

*Paddock & Cannon*, for defendants.

VAN VORST, *J.*—When Dugro conveyed the lot, and building thereon, to the party through whom the defendant Haley derives title, the easterly wall of the building rested upon and covered the strip of land, for the possession of which this action is brought, and which at the time belonged to the grantor. An easement or servitude was thereby created in favor of the grantee, so that the wall should remain upon said strip, so long at least as the building should endure.

Such easement commenced as a right in the grantee so soon as Dugro severed his estate and made the conveyance in question, and exists in favor of the defendants.

When the conveyance was subsequently made by Dugro to

Webster, the grantor of the plaintiff of the strip of land described in the complaint, the latter is presumed to have taken the same with reference and in subordination to the easement in favor of the owner of the building in question (*Lampman* agt. *Mills*, 21 *N. Y.*, 505).

The plaintiff, when he became seized of the land, took it impressed with such servitude.    As the building, with its eastern wall, still rests on the land, the plaintiff is not entitled to the immediate possession of the same.

The defendant cannot be disturbed in the enjoyment of this easement by an action of ejectment, nor by a writ of possession, which would follow the recovery of judgment in plaintiff's favor.

This was decided in *Bundage* agt.  *Warner* (2 *Hill*, 145 ; *and see Rogers* agt. *Sinsheimer*, 50 *N. Y.*, 646).

The evidence clearly establishes that the fee to the premises in question is lawfully in the plaintiff, and that the only interest of the defendant therein is a right to the undisturbed enjoyment of the easement in question whilst the building endures.

· The action of ejectment is brought to regain the possession of real property, and the judgment therein, where the plaintiff prevails, is that he recover the possession of the premises (2 *Revised Statutes*, 308, §§ 26, 33).

In *Hunter* agt. *The Trustees of Sandy Hill* (6 *Hill*, 407), it was held that whatever shows the plaintiff is not entitled to immediate possession constitutes a defense, and that, unless entitled to such immediate possession, plaintiff cannot recover.

In *Rowan* agt. *Kelly* (18 *Barbour*, 488), BROWN, P. J., says : " The true test of this action seems to be that the thing claimed should be a corporeal hereditament ; that a right of entry should exist at the time of the commencement of the action, and that the interest be visible and tangible, so that the sheriff may deliver the possession to the plaintiff, in execution of the judgment of the court" (*Child* agt. *Cheppell*, 5 *Seld.*, 246, 252).

Kurkel agt. Haley.

As this action is brought for such immediate possession, and such being the judgment demanded by the plaintiff's complaint, he cannot recover such possession. The findings of fact and conclusions of law upon which judgment is to be entered will show the interest of the parties respectively in the premises in question, and that the plaintiff is not entitled to actual possession thereof.

Judgment should be for the defendant.