(36 Misc. Rep. 438.)

### BROWNING v. GOLDENBERG et al.

(Supreme Court, Special Term, New York County. December, 1901.)

PARTY WALLS—ADJOINING LAND—ENCROACHMENT—KNOWLEDGE.

Where a visible party wall encroaches on the land of an adjoining owner, such owner's failure to ascertain such fact by a survey will not prevent the other owner from obtaining an easement by prescription to maintain the wall as it stands.

Action by William C. Browning against Mary Goldenberg and others, executors and trustees of the estate of Simon Goldenberg. Judgment for defendants.

Clarence E. Thornall, for plaintiff.

Charles H. Brush (John J. Crawford, of counsel), for defendants.

BLANCHARD, J. This action is brought by the plaintiff to restrain the maintenance by defendants of a wall encroaching on plaintiff's land to the extent of eight inches in front and four inches in the rear. There is no conflict of evidence presented, the important facts being conceded. Plaintiff and defendants are the owners of adjoining parcels of real estate in the city of New York. In 1864 one John Stillwell, being the owner of the property now owned by plaintiff, made a lease of such property for 21 years, with a privilege of a renewal for a like term, to William R. Roberts. In 1870 Roberts entered into a party wall agreement with Orlando B. Potter, the then owner of the property now owned by defendants. Under the terms of this agreement, the wall which is the subject of complaint in this action was erected during the years 1870 and 1871, while Roberts and Potter were respectively in possession of plaintiff's and defendants' property. This wall has ever since remained in the position where it was erected. In July, 1879, Roberts surrendered his lease to his lessor. In 1900 plaintiff secured title to the property, formerly owned by John Stillwell, from Benjamin Stillwell, who secured it from John Stillwell in 1880. The defendants are the executrix and executors of Simon Goldenberg, deceased, who acquired title to the premises in 1891 from Potter. It seems to be conceded that whatever right Potter obtained by virtue of the agreement with Roberts, the lessee of the property, in the property now owned by the plaintiff, merely amounted to a license to have the wall remain during the life

of the lease to Roberts, and upon its termination, by its surrender by Roberts to Stillwell in 1879, the right to the continued maintenance of the wall on the property of plaintiff's predecessors in the title ceased. Defendants, however, contend that they have a right to maintain the wall because the lapse of time it has stood has developed that right into an easement through prescription. It is said by Judge Earl in Ward v. Warren, 82 N. Y. 265, 268, that when the use of the right claimed has existed "for the requisite time," and "been open, notorious, uninterrupted, undisputed, under claim of right and adverse, the law presumes a grant * * * from the owner of the servient tenement, and such presumption is conclusive." Such, is, undoubtedly, the law, and it is not disputed by the plaintiff. He claims, however, that the nature of the encroachment was such as not to be visible, and that his predecessors in title had no knowledge of its existence until in 1900, when it was called to his attention on the sale of the property to the plaintiff. In my opinion, this lack of knowledge is insufficient to defeat the easement for the continued maintenance of the wall as it now stands. This is a case where the owner of the servient tenement is chargeable with knowledge by reason of the existence of the encroachment of the wall. The wall is visible to any one, and the fact that a party does not have his property surveyed so as to ascertain whether or not adjoining structures encroach upon his property cannot be the foundation of any additional rights. He cannot be permitted to profit by his own ignorance. Neither will the law regard such lack of knowledge a basis sufficient to prevent adverse rights from maturing. In all the cases called to my attention and many more which I have examined, the only ones where lack of knowledge on the part of the owner of the servient estate will avail him as a defense to the claim of an easement by prescription are those where the right claimed is not in sight, as, for example, an underground right of damage. Judge Earl, in the case before cited, said that "the owner of the servient tenement is not permitted to defeat such an easement [right of way] by simply showing that he did not in fact grant it or have knowledge of its use." The case of Lewis v. Railroad Co., 162 N. Y. 202, 204, 56 N. E. 540, 546, further supports this position. There Judge Vann said that "the obstruction * * * was in plain sight of the abutting owners, who, by making no objection, acquiesced in the situation." Visible means "capable of being seen" or "perceivable by the eye" (Cent. Dic.), and the fact that the plaintiff or his predecessors in the title have not seen, does not make the encroachment of the wall any the less visible. That a visible, open, and notorious use may ripen into an easement by prescription, without the knowledge of the person against whom it is claimed, is clearly recognized in the case of Treadwell v. Inslee, 120 N. Y. 458, 465, 24 N. E. 651. I conclude, therefore, that the defendants should have judgment dismissing the complaint, with costs.

Judgment for defendants, with costs.