204   391
f218   ¹183

## Allegheny National Bank *v.* Reighard, Appellant.

*Easement—Irrevocable license—Contract—Use of common staircase and area.*

Where the owners of two adjoining lots construct their building so as to have a common stairway and area, and there is no evidence either written or oral as to the terms under which the stairway and area are to be used, the court can only determine what the terms were, by what was done without dispute by the parties on the land at the time of the erection of the buildings, and subsequently as in case of an easement by prescription.

In such a case the inference is not that each party gave the other an unlimited right to use the common area for such purposes and in such manner as he might desire, or even for general use for a stairway, but that the right was definitely confined to the common area as it was established by the parties at the time, and as it continued to be jointly used. One of the parties could not, therefore, make such changes in the stairway as to interfere with the light from the windows opening into the area, or cut new holes in his neighbor's wall to support new landings, or open a door on the ground floor to an elevator, so as to subject the common area to the new and additional use of persons going to new upper stories erected by himself on his own building.

Argued Oct. 27, 1902. Appeal, No. 7, Oct. T., 1902, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1901, No. 57, on bill in equity in case of Allegheny National Bank *v.* D. P. Reighard. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

Before SHAFER, J., who found the facts to be substantially as follows :

In 1858, the plaintiff was the owner of a lot of ground front-

ing twenty-five feet on Fifth avenue, in the city of Pittsburg. At the same time the defendant's predecessors in title were the owners of a lot fronting about twenty-three feet on Fifth avenue, adjoining the lot of plaintiff on the west.

The plaintiff built its banking house on its lot, and the defendant's predecessor in title built on his lot a business house, these two buildings being each of a height of four stories, and provided with an iron front alike on the two buildings.

In the construction of these buildings a space four and one half feet in front on Fifth avenue, and fifteen feet in depth, was left out of the walls of each building, one on the westerly side of the bank's lot, and the other on the easterly side of the lot, now belonging to the defendant. In this space, a staircase was built to the top of the building. A doorway, six feet wide, opened into this space from Fifth avenue, and the stairs started up from the side next to the bank building at a distance of about six feet from the doorway, and the flight of stairs went up from side to side of the space with continuous landings at the level of the stories.

The front of this space was covered by the common iron front of the building, and contained windows which were but slightly interfered with by the stairs. There were openings from the third and fourth stories into the bank's building, and on each of the stories above the ground into the building now of the defendant. The stairs have been used continuously by both parties.

No contract of the parties, written or oral, in regard to this staircase, was given in evidence, but it is alleged in the bill, and admitted by defendant, that the plaintiff paid one half the cost of the construction of the stairs in 1858.

In the summer of 1900, the defendant's building was seriously injured by fire and the rear part of it destroyed, but no part of the staircase, or the walls, or doors adjoining it, was affected. Sometime after the fire the defendant drew up plans for the alteration of his building, including the putting in of an elevator and a change in the number of stories, by making three stories out of a third and fourth and adding what would be a sixth story, and by changing the front, and submitted these plans, or some of them, to the plaintiff, and requested the plaintiff to agree to them. The bank, after considering the matter,

declined to agree to the changes. Negotiations were then had between the counsel of the respective parties, and while these were pending, the defendant proceeded with his plan, tore down the staircase, rebuilt it in part, and put a wall ten feet high on top of the walls enclosing the nine by fifteen foot space heretofore described, and extended the staircase up into it, to connect with his new sixth story. This work was done without the knowledge of the plaintiff, it being all inside the building, and done with the rest of the work of rebuilding the burnt portions of defendant's house, the upper stories of the bank building either being unoccupied, or the tenants not objecting.

The plaintiff bank filed the bill herein and applied for a preliminary injunction, which was granted, restraining the defendant from further interfering with the stairs, except to protect them with banisters, and from taking down and changing the front and from further proceeding with the work.

The changes actually made by the defendant, up to the time of filing the bill, were: He raised the first platform two or three feet above its former level, for the purpose of giving headroom to reach his elevator from the front door, and to do so was obliged to bring the foot of the stairs two feet nearer to the door than it was before. In raising this platform he made new cuts into the wall of the bank building in which to place the supports, and similar changes were made in the various platforms of the stories above the first, the same being broken into two parts so as to reach the changed position of the doors in his building, and the headway over the stairs in one or two places was reduced to as low as seven feet. The stairs, as so altered by him, were much less conformable to the windows in the front than they were before, and the light to the staircase is materially interfered with. This the defendant claims will be practically remedied if he is allowed to change the front according to his design. The platforms of the stairs still conform to the stories of the plaintiff's building.

He put a thirteen-inch brick wall on the top of the walls enclosing the sides and back of the space on his own building and on that of the bank, and extended the staircase up into this space to connect with his sixth story.

The defendant has also put an elevator into the building wholly upon his own ground, immediately in the rear of the

four and one half feet of his own ground, which is enclosed for the purpose of a staircase, and has cut a door through the rear wall of the nine by fifteen foot space to give access to his elevator from that space, under the platform raised for that purpose. All the other doors of the elevator are into defendant's building on the west side of the elevator shaft, and not into the stairway. Persons using the elevator instead of the stairs to reach the upper stories of defendant's building, enter through the door, the middle of which is on the outer line of the two properties, and proceed thence to the left to the elevator, the stairway starting up on the right. There is no place in which the plaintiff could put an elevator opening to his building in the space used for the stairway, except by removing the stairway.

The further changes which defendant proposes to make are to take out the whole front of the nine feet on Fifth avenue, and replace it with a brick wall, in conformity with the new front which he proposes to put on his own building, putting in new windows to correspond in height and appearance with the windows in his altered front; and which will then not conform with the windows in the bank building. Of this the plaintiff complains that it will cause the whole of the nine-foot space to appear to be a part of defendant's building, and that the change is unnecessary.

*Error assigned* was the decree of the court, awarding an injunction.

*J. H. White,* with him *S. W. Childs* and *John Reed Scott,* for appellant.—There was no evidence of any actual injury to, or interference with, the use of the easement by the plaintiff below, and defendant below was entitled to have it so found.

The easement was constructed at the joint expense of the owners of the two adjoining lots. This contribution implies a grant or agreement. It is only consistent with an obligation to contribute : Lewis v. Carstairs, 6 Wharton, 193, at page 208 ; Rawson v. Bell, 46 Ga. 19 ; Rhea v. Forsyth, 37 Pa. 503 ; Watson v. Bioren, 1 S. & R. 227 ; Ehret v. Gunn, 166 Pa. 384 ; Chew v. Cook, 39 N. J. Eq. 396 ; Bangs v. Parker, 71 Me. 458.

It does not arise by prescription, and its scope is not determined by its use. The decisions cited by counsel for defendant in error relate to easements by prescription and do not control this case. ·

A grant is to receive a reasonable construction which will accord with the intention of the parties and the court must look to all the circumstances under which it was made: Connery v. Brooke, 73 Pa. 80.

The easement is permanent and cannot be revoked by either party: Le Fevre v. Le Fevre, 4 S. & R. 241; Rerick v. Kern, 14 S. & R. 267; McKellip v. McIlhenny, 4 Watts, 317; Geible v. Smith et al., 146 Pa. 276.

A servient owner may make any use of the land which does not interfere with the reasonable use of the way. Gates or doors may be placed in the way if they do not unreasonably interfere with the use thereof: Connery v. Brooke, 73 Pa. 80; 4 Sharswood's Leading Cases, Law of Real Prop. 154, 218; Atkins v. Bordman, 43 Mass. 457; Hartman v. Fick, 167 Pa. 18, at page 20; Kirkham v. Sharp, 1 Wharton, 323.

As a dominant owner of the easement, Reighard was not bound to use it in the particular manner prescribed by its creation, providing he does not change it to the injury of the servient tenant: Jones on Easements, sec. 815; Beals v. Stewart, 6 N. Y. Sup. Ct. 408; Tallon v. Hoboken, 37 Atl. Repr. 895; Earley's App., 121 Pa. 496; Richardson v. Clements, 89 Pa. 503; Senhouse v. Christian, 1 T. R. 560, Dand v. Kingscote, 6 M. & W. 174.

All the changes, except probably the change of the front, is necessary for the reasonable enjoyment by Reighard of the easement, and no one interfered with the use of it by the other party: Rerick v. Kern, 14 S. & R. 267; Kirkham v. Sharp, 1 Wharton, 323; Pierce v. Cleland, 133 Pa. 189.

*C. C. Dickey*, with him *George Shiras, 3d*, and *W. K. Shiras*, for appellee.—When the parties contract with reference to their property, the contract is presumed, in absence of proof to the contrary, to be made for the use of the property as it was at the date of the contract: Carty's App., 5 W. N. C. 241; Shroder v. Brenneman, 23 Pa. 348 ; Wimbledon Conservators v. Dixon, L. R. 1 Ch. Div. 362; Ballard v. Dyson, 1 Taunt. 279.

In the present case, therefore, the right to use a stairway cannot be enlarged to the use of an elevator nor to the changing of the location of the stairway: .Williams v. Games, L. R. 10 Ch. 204; Pierce v. Cleland, 133 Pa. 189; Jennison v. Walker, 77 Mass. 423; Tucker v. Howard, 128 Mass. 361.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903:

It is not material for the purposes of this case whether the appellant's right in plaintiff's building be called an irrevocable license or an easement, for it must rest on the principles and be decided on the footing of an easement by prescription. That the joint erection and occupation of the stairway and the area in which it is located were by agreement is known here just as it is implied in a prescription, but in the absence of any evidence either written or oral as to the terms of the agreement, the court can only determine what it was by what was done without dispute by the parties on the land at the time and subsequently. That is the test of the nature and extent of an easement by prescription and it must be the test here. The inference from the evidence is not that each party gave the other an unlimited right to use the common area for such purposes and in such manner as he might desire or even for general use for a stairway, but that the right was definitely confined to the common area as it was established by the parties at the time and as it continued to be jointly used.

The alterations in the stairway and building made by defendant are admitted. Some of them, such as the building of the wall an additional story in height on plaintiff's side of the area, and the alteration of the front wall over the area, were corrected before the decree and are now out of the case. But there still remain the removal of the stairway farther front at the ground floor, the reduction of the headway at points in the stairs and landings, the consequent interference with the light from the front windows, the cutting of new holes in plaintiff's wall to support the new landings, and the opening of a door to the elevator on the ground floor of the area, which though in defendant's own building subjects the common area to the new and additional use of persons going to the new upper stories erected by defendant. All these, and perhaps some others less mani-

fest, are new or more extensive burdens on the area and stairway than have been used heretofore.

That the changes inflict little or no damage on plaintiff is not material.    Even a conceded benefit by an improvement cannot be imposed without consent, for plaintiff's right is to have the status quo maintained, independently of any actual present injury by the change.    The legal injury which plaintiff is entitled to prevent is the permanent change in the conditions agreed upon as shown by the past user.

Decree affirmed with costs.