## Brown & Hamilton Co. *v.* Johnson, Appellant.

*Real property—Adjoining properties—Wall—Party wall—Joint use—Presumption—Unauthorized use—Equity—Injunction.*

1. Where two adjoining owners have made common use of a wall upon the land of one of them for more than twenty-one years, there is no presumption that such wall is a party wall, in the absence of record, or other evidence of the rights, under which the party not owning the wall, or his predecessor in title, made use thereof; the presumption is that it was by oral permission, a mere license, and that by continued use the license was ripened into an easement by prescription which must be restricted to the buildings existing at the time the easement was created.

2. Where adjoining lot owners made common use for more than twenty-one years of a wall built entirely on the land of one of them, and subsequently the party on whose property the wall was built extended the wall and added to its height, the other party was thereafter properly restrained from using such extended wall for the support of joists and for other purposes in the course of the erection of an addition to her building.

Argued Oct. 5, 1915. Appeal, No. 190, Oct. T., 1915, by defendants, from decree of C. P. Lawrence Co., Sept. T., 1913, No. 5, awarding an injunction, in case of Brown & Hamilton Company v. Grace Phillips Johnson, J. M. Shankweiler and John W. Flanegin. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for an injunction. Before PORTER, P. J.

The opinion of the Supreme Court states the facts.

The court awarded an injunction. Defendants appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law and the decree of the court.

*Robert K. Aiken* and *J. Clyde Gilfillan,* for appellants.

*W. K. Hugus,* with him *Wylie McCaslin,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1916:

In this case, a bill was filed to restrain the defendants from "breaking into, tearing down or in any manner interfering with, injuring or destroying, the east wall of plaintiff's building;" a decree was entered to that effect, and the defendants have appealed.

After a careful study of the evidence and adjudication, we are not convinced of error in any of the underlying findings of the chancellor or in his deductions therefrom; hence the matter necessary to a proper understanding of the controlling facts in the case can be stated without the necessity of detailing or discussing all the findings and conclusions of the court below.

The predecessors in title of the plaintiff and of the defendant Grace Phillips Johnson acquired adjoining lots from a common source, the former in 1853 and the latter in 1857. Shortly after the last date, a building was erected on each lot, the plaintiff's building being from 80 to 90 feet in depth, and the defendant's about 68 feet. The wall between the two structures was used jointly by the original owners, and the defendant Johnson and her predecessors in title continued its use to the time of suit, for the support of joists and other ways in which a partition wall between two buildings is ordinarily used. The wall, however, was built on the plaintiff's land, no part thereof being on the defendant's lot. Some time prior to 1877, a predecessor in title to the plaintiff erected another building on the rear of his lot, the east wall of which was of the same thickness, 13 inches, and on a line with the division wall originally constructed between the plaintiff's and defendant's properties. Subsequently the last mentioned wall was extended along the same line and attached to the original division wall. In 1890 a predecessor in title to the defendant Johnson extended the building on her lot about 24 feet to the rear, and used the division wall as a support for joists, etc. In 1894, the plaintiff company added to the height

of the wall in the rear of its building, and extended it almost to the extreme end of its lot. All of these additions to the original wall continued on a straight line and were built entirely upon the property of the plaintiff. To the time of the acts complained of in the bill, neither the defendant Johnson, nor her tenants (the other two defendants), nor her or their predecessors in title, had made any use of the wall in question beyond that already noted, and all the additions to the original wall were built by the plaintiff or its predecessors in title at their own expense. The plaintiff's predecessor from the common source went into possession of its lot four years prior to the time the defendant's predecessor took possession of her lot, and such possession by the plaintiff and its predecessors has been open, adverse, notorious and undisturbed ever since, excepting, of course, the portion of the wall used by the defendant and her predecessors. In other words, neither the defendant Grace Phillips Johnson, nor any of her predecessors in title, nor her or their tenants, nor any other person or persons occupying her lot, have ever had possession of the part of the wall now in controversy. In 1913, the defendant Johnson commenced the erection of an addition to the rear of her building, and, in so doing, attempted to insert joists and other supports in parts of the extensions to the original wall which had never before been used by her or her predecessors; to this the plaintiff objected and filed its bill.

The defendants' main contention is that, when the predecessors in title of the plaintiff and of the defendant Johnson constructed the buildings on their respective lots, with a common division or partition wall between them supporting the "joists, rafters, floors and timbers of the two buildings," whatever the previous line may have been, they thereby made the middle thread of such wall the dividing line between the two lots for all future time, and the subsequent extensions of the wall by the plaintiff, or its predecessors in title, along the same line,

to the extreme rear of the lot, was a recognition of the division line thus established. They further contend that the court below made its ultimate finding, to the effect that all the original division wall and the additions thereto were built entirely on the property of the plaintiff, upon insufficient evidence and unjustifiable inferences. While the appellants point to parts of the evidence, and even to certain underlying findings of the chancellor, which, standing alone, might go to support their position, yet, after viewing the record as a whole, we concur in the controlling findings of fact, and in the conclusions of law based thereon, which are to the contrary.

In that part of the adjudication which deals with conclusions of law, the chancellor states: "The evidence showing that the division wall between the Brown and Hamilton property (plaintiff's) and the property of Grace Phillips Johnson (defendant) was built entirely upon plaintiff's land, the extent of the right to the use of said wall by defendants must be determined and measured by the use heretofore made of the wall, and limited to the extent to which the said wall has been used. The defendants have no right to place any further burden on the said wall, but may continue to use the same to the extent to which it has been used for the buildings already existing on the ground......The said division wall having been erected entirely upon the property of plaintiff, there is no presumption that such wall is a party wall, and the defendants having shown no right, either statutory, prescriptive, or by agreement to break into that portion of the wall complained of, such acts constitute a trespass......There being no record evidence, or otherwise, of the rights under which defendant's predecessors in title made use of said wall, by attaching thereto, the presumption is that it was by oral permission—a mere license—and that by continued use ......said license has ripened into an easement by prescription, which rights must be restricted to the build-

ings existing at the time the easement was created......
There is a clear distinction between the law applicable
to cases arising under the special legislation for the City
of Philadelphia in regard to party walls, as well as the
law governing where a common owner erects a division
wall between two properties and subsequently sells the
same to two different parties, recognizing the division
wall as the dividing line, and the law governing the case
at bar......Here, there is no more reason for assuming
that the wall was intended for a party wall than that it
was agreed that the predecessor in title of the defendant
should have an easement in said wall for the support of
the building. We cannot assume it was intended as a
party wall when it was not built upon the lands of both.
The defendant and her predecessors in title have ac-
quired an easement in the wall, but there is no evidence
that any greater rights have been acquired." The fore-
going conclusions are applicable to the facts found by
the chancellor, and are amply sustained by authority:
See Bright v. Morgan, 218 Pa. 178; Bright v. Allan, 203
Pa. 394; Jones on Easements, Section 643; Hodgkins
v. Farrington, 150 Mass. 19; Allegheny Nat. Bk. v.
Reighard, 204 Pa. 391.

Medara v. DuBois, 187 Pa. 431, cited by counsel for
appellants, is a case in which an owner of land built
twin houses thereon, "designed to be occupied as sepa-
rate dwellings;" the houses were subsequently sold to
different purchasers, the description in the respective
deeds of conveyance each being for a lot with the mes-
suage thereon, but in courses and distances not precisely
following the party wall line. The court concluded that,
the party wall having been built at a time when both of
the houses, and the lots upon which they stood, were
owned by one man, it must be presumed that he intended
the wall as a monument to mark the division line be-
tween the two lots; this principle also controlled in
Warfel v. Knott, 128 Pa. 528. The other authorities re-
lied upon by the defendants are all so readily distin-

guishable from the case at bar that they require no special comment.

The assignments of error are overruled, and the decree of the court below is affirmed at the cost of appellants.