Frank Del Veccio, J.
This action is brought pursuant to article 15 of the Beal Property Law for a determination that plaintiff has unencumbered title to certain real property acquired by warranty deed in 1943; in particular, that the defendant Borneo has no right to use the wall located upon the westerly end of plaintiff’s premises to support defendant’s adjoining building; and that the latter be required to pay for the use and occupation of said wall for a period of six years prior to the commencement of this action.
Borneo, the only defendant who has appeared in the action, acquired title to his property by warranty deed in 1953 and has served an answer with a counterclaim alleging that the wall in question is subject to an easement by which he has a right to use it to support the beams and joists of his building.
The following facts, which give rise to this litigation, were established by uncontradicted evidence adduced at the trial:
In 1857 Philander W. Pobes acquired title to a parcel of land having a frontage of approximately 136 feet on Washington Street, Syracuse, N. Y., and a depth of 56 feet. In 1863 he conveyed the west 60 feet to John Phillips. In 1866 Pobes erected a three-story building on the land he retained, the west wall of which was located wholly on the west end of his lot. At about the same time Phillips erected a two-story building on his land and, instead of erecting an east wall, used Pobes’ west wall to support the beams and joists of his building.
Pobes held title to his property until his death in 1893; by mesne conveyances plaintiff subsequently became owner of the Pobes building. No proof was offered to show how long Phillips held title to his property which is now owned by defendant but there' is evidence that the wall was used continuously without interruption for a period of 24 years immediately prior to 1959 when plaintiff’s building was partially demolished. Plaintiff offered no evidence to show that the use of the wall by defendant and his predecessors was by license or permission during the 16 years that it owned the Pobes building. Plaintiff claimed that it had no knowledge of the fact that the supporting beams of the adjoining building were inserted in its west wall and first learned of this while the building was being demolished *22 so that the land might be used for parking. At that time the west wall was left standing to a height of 18 inches above defendant’s roof for two reasons, to prevent the collapse of defendant’s building and so that the east face of the wall might be used for advertising purposes.
There is no question that defendant is without paper title to the east wall of his building or the land upon which it rests. The deed under which he claims title to the Borneo building describes an area 60 by 56 feet and is “ subject to the state of facts as shown on a survey of the demised premises made by Ensign S. Cottrell, C. E., dated January 24,1946 ”, which survey showed the wall to be beyond defendant’s 60-foot area and described it as “ Wall of Bldg. East”. The sole question is whether defendant has succeeded to a prescriptive right to the use of plaintiff’s west wall for the support of his building — in other words, whether he has “ beam rights ” in such wall.
This court is of the opinion that defendant has such rights. The wall in question must be regarded as a party wall insofar as defendant has acquired the right to maintain the beams and joists of his building therein for so long as the building exists.
Easements for beam support in a wall may be created by express conveyance, usually by deed of grant, or by prescription based on a lost grant, thereby establishing a party wall relationship. In Schile v. Brokhahus (80 N. Y. 614) the court said at page 618: “The old wall from long user, in the absence of evidence, must be deemed a party-wall presumptively, either from an agreement to that effect, or from its being built upon the line of the two lots for that purpose by the respective owners.”
A common definition of a party wall is a division wall between two adjacent properties belonging to different persons and used for the mutual benefit of both parties, but it is not necessary that the wall should stand partly upon each of the adjoining lots; it may stand wholly upon one lot. (Rogers v. Sinsheimer, 50 N. Y. 646; Pearsall v. Westcott, 30 App. Div. 99.)
Watson v. Gray (L. R., 14 Ch. Div. 192, 19A-195 [1880]) defines four types of party walls:
1. A wall of which the two adjoining owners are tenants in common;
2. A wall divided longitudinally into two strips, one belonging to each of the neighboring owners;
3. A wall which belongs entirely to one of the adjoining owners, but is subject to an easement or right in the other to have it maintained as a dividing wall between the two tenements;
*23 4. A wall divided longitudinally into two moieties, each moitey being subject to a cross-easement in favor of the owner of the other moiety.
No evidence was offered bearing on the facts surrounding the erection of the wall and its use to support the beams of the adjoining building. Apparently such facts existing in 1866 are unknown and undiscoverable today. Plaintiff argues in its brief that since the buildings were not built by a common owner but by separate owners the initial use of the wall must have been by permission or license. The court is of the opinion that there is no basis for such an assumption. A license is authority to use a wall for a temporary purpose which is revocable, nonassignable and terminates upon the death of the licensor. An easement, on the other hand, is not subject to revocation by the owner of the servient land and is transferable. (17 N. Y. Jur., Easements and Licenses, § 3, p. 255.) Both buildings having been erected at about the same time and the supporting beams of Phillips’ building having been inserted in Fobes’ wall, it is more logical to presume that Fobes granted him an easement to use the wall and that a party wall relationship was created. Certainly Phillips would not have spent large sums of money to erect a building in this manner if Fobes were merely giving him a license or permission to use the wall, which could be revoked at will or upon the death of Fobes.
Furthermore, in the absence of proof that such use was permissive, the law presumes that a party wall was created. In Brown & Otto v. Werner (40 Md. 15, cited with approval in Schile v. Brokhahus, supra) the court said at page 20: “ But a division wall may become a party wall by agreement, either actual or presumed, and although such wall may have been built exclusively on the land of one, if it has been used and enjoyed in common by the owners of both houses for a period of twenty years, the law will presume in the absence of evidence showing that such use and enjoyment was permissive, that the wall is a party wall. In such cases the law presumes an agreement between the adjacent owners, that the wall shall be held and enjoyed as the common property of both.”
The following statement from Pearsall v. Westcott (supra) at pages 104-105 is particularly appropriate: “ Ordinarily a party wall between two adjacent proprietors is placed one-half on the lands which each own in severalty. In such case, each owns the portion of the wall on his own land, subject to the use of the other thereto. (Sherred v. Cisco, 4 Sandf. 480.) But the term ‘ party wall ’ has been applied to a structure entirely *24 on the premises of an adjoining owner, which is subject to an easement or right of the other therein, acquired by grant or prescription. In this case, as we have seen, the plaintiff showed no title to the land on which the south half of the wall is located. His right to the wall, if any, must rest upon prescription, under doctrines stated in Schile v. Brokhahus (80 N. Y. 614), and kindred cases. The plaintiff testified that when he purchased the property in 1863 there was a building on it, the timbers of which were supported by the wall in question, and which had been thus supported since that period. Except for the support of the timbers of his house, no other use of the wall was shown to have existed for a period of twenty years. In such a case the plaintiff has the right to maintain the easement to the extent of the ancient user, and no more. (Jones Ease. § 702.) In 2 Washburn on Real Property (5th ed. 386) it is said: ‘ It does not seem to be necessary that a party wall should stand half upon each of the adjoining parcels of land. It may stand half upon each or wholly upon one, and may, or may not, be the common property of the two proprietors. The rights of the parties in respect to the same may be collected and determined from the manner in which the parties have used the same for the period of time requisite to create a prescriptive right.’” (Emphasis supplied.)
Plaintiff bore the burden of overcoming the presumption that defendant’s use of the wall for support is a matter of right. (Pirman v. Confer, 273 N. Y. 357, 363.) This it failed to do. No proof was offered that the beams were originally inserted in the common wall by permission or license rather than by grant; no proof was offered to show that such use has not been continuous and uninterrupted for nearly 100 years, during the first 27 years of which the wall was owned by the man who erected it. In these circumstances, absent any proof of a license, it must be presumed that a grant was given and lost, which ripened into a prescriptive right upon the passage of the 20-year period prior to the death of Fobes in 1893. Moreover, if the initial use was by permission it terminated upon the death of Fobes (Clark v. Strong, 105 App. Div. 179, 182) and the burden was also upon plaintiff to show that thereafter the continuous and uninterruped use of the wall was by license or permission. (Di Leo v. Pecksto Holding Corp., 304 N. Y. 505, 512.) This it failed to do, even during the 16 years it owned the Fobes building.
In Law v. McDonald (9 Hun 23, 25) the court, considering what is required to constitute an adverse user for the creation of a prescriptive right, said: “ And it was held in Hammond v. *25 Zehner (21 N. Y., 118), that it is for the party submitting to the user in such case, to show that it was by license or permission, and not for the party exercising it to prove an express claim of right, in order to characterise the use as adverse. The learned judge in delivering the opinion of the court in this case, and referring to Parker v. Foote (19 Wend., 309), says: 6 If the user be wrongful- — -if it be a usurpation to any extent upon the rights of another, it is of itself adverse, and if acquiesed in for twenty years a reasonable foundation is laid for presuming a grant.’ ”
In Lewis v. New York & Harlem R. R. Co. (162 N. Y. 202) the court said at page 223: “ Prescription rests upon the presumption of a lost deed, after adverse use and enjoyment for 20 years [15 years since 1932; Civ. Prac. Act, §§ 34-37] which has been adopted by the courts as the prescriptive period from analogy to the Statute of Limitations.” (See, also, Scallon v. Manhattan Ry. Co., 185 N. Y. 335, 359; Klin Co. v. New York R. T. Corp., 271 N. Y. 376.)
When the period of time is proved to have run its course, the presumption of a lost grant becomes irrebutable (Tyler v. Wilkinson, 4 Mason 397, 402 [U. S., 1827]; Ward v. Warren, 82 N. Y. 265, 268) and a subsequent owner of the wall is charged with having the wall stand even though the easement is not mentioned in the deed (Rogers v. Sinsheimer, supra) and he had no actual knowledge thereof. (Ward v. Warren, supra; American Bank Note Co. v. New York El. R. R. Co., 129 N. Y. 252; Browning v. Goldenberg, 36 Misc. 438, affd. 71 App. Div. 616.) Upon the subject of knowledge, the court is satisfied in any event that the physical condition of the buildings as described by the witnesses and shown by the photographs was such as to give notice that the wall in question constituted an integral part of both buildings. (See Pearsall v. Westcott, 45 App. Div. 34; Schaefer v. Blumenthal, 169 N. Y. 221, 230.)
Plaintiff claims that defendant’s possession begun in 1953 may not be tacked on the possession of previous owners because he took by a deed “ subject to the state of facts as shown on a survey of the demised premises made by Ensign S. Cottrell, C. E., dated January 24,1946 ”, which showed plaintiff’s ownership of the east wall. The court is not satisfied that even if this is an acknowledgement of plaintiff’s legal title to the wall it constitutes a disclaimer of the use of the wall for support (defendant cannot and does not dispute plaintiff’s title), and if the user had already ripened into a prescriptive right no acknowledgement of ownership in the legal title holder could diminish that right. (American Bank Note Co. v. New York *26 El. R. R. Co., supra, p. 268.) The easement for beam support, having already been perfected, passed to defendant as an ‘ ‘ appurtenance ’ ’ under his deed. (Doyle v. Lord, 64 N. Y. 432, 437; Schwab v. Whitmore, Rauber & Vicinus Co., 245 App. Div. 174 [4th Dept.].)
None of the authorities cited by plaintiff holds that, on the facts developed on the trial, it is entitled to the relief sought. The court has considered each case cited and has found either that the present record establishes defendant’s easement of support under the principles set forth in those cases of that they are factually distinguishable from the present litigation. The cases of Spero v. Shultz (14 App. Div. 423, affd. 160 N. Y. 660); Pyramid Motor Freight Corp. v. Thorman Baum & Co. (114 N. Y. S. 2d 614), and Neher v. Bruckner (36 App. Div. 625, affd. 165 N. Y. 617), principally relied on by plaintiff, are actions involving marketability of title and do not represent determinations of the rights of the litigants in a party wall. In Lafayette Forwarding Co. v. Rothbart Garage Operators (205 App. Div. 624) the building originally supported by the common wall had been demolished and the later building for which an easement was claimed had been destroyed by fire, thus effectively terminating any beam rights, so that any decision on this question was obiter dictum.
Upon all the proof and upon the authorities cited herein, plaintiff has failed to establish that it is vested with an absolute and unencumbered title in fee to the premises described in the complaint; defendant Borneo is declared to have an easement for support of the beams and joists of his building in the former west wall of the Fobes building as measured by the previous user (Prentice v. Geiger, 74 N. Y. 341, 347), which shall continue only so long as his building shall exist.
Inasmuch as plaintiff’s wall has been for the past six years and continues to be subject to this easement so long as defendant’s building endures, it does not have the right to exclusive possession of the wall (Kurkel v. Haley, 47 How. Prac. 75) and is, therefore, not entitled to damages by way of rent during the period covered by the complaint.
Judgment is directed for plaintiff against the defaulting defendants Aloi, Byrnes, Lisson, Francis Preston, Thomas B. Preston, John B. Preston, Gentilcore d. b. a. Joe the Tailor, Pack d. b. a. Excelsior Window Cleaning Service, Braunmueller d. b. a. Healthful Diet Shoppe, Smilgin d. b. a. Ann’s Coffee Shoppe, Gardanier d. b. a. Pride Barber Shop, Gilmore d. b. a. Lew’ the Hatter, and Kaplan d. b. a. Empire Jewelry Company, but as to the defendant Borneo the complaint is dismissed. On *27 the counterclaim, judgment will be entered in favor of the defendant Borneo as hereinabove set forth. ,
All motions on which decision was reserved are decided accordingly.
Findings of fact and conclusions of law submitted by the parties have been marked in accordance with this opinion.