# C & E Partnership

## v.

# Edward G. Donnelly

Record No. 850385

April 22, 1988

Present: All the Justices

*Bernard R. Corbett (Jeffrey Rosenfeld; Falcone & Rosenfeld, Ltd.,* on brief), for appellant.
*(Robert J. Test; Bradford S. Fleetwood; Long, Donelan & Test,* on brief), for appellee. Appellee submitting on brief.

STEPHENSON, J., delivered the opinion of the Court.

The ultimate issue in this appeal is whether a certain three-story, mortared brick wall is a party wall. To resolve this issue, we must address two sub-issues: (1) whether the facts give rise to a presumption of a party wall, and (2) whether the trial court erred in ruling that the evidence failed to establish a party wall by prescription.

Edward G. Donnelly owns real property in the City of Alexandria located at 1121 King Street. The property is a lot with a width of approximately 21 feet and a depth of 100 feet. For approximately 50 years prior to 1971, the lot was improved by a building. Following a 1971 fire, however, the only improvement remaining on the lot is the wall in question. The wall is located entirely on Donnelly's property and extends back approximately 18 feet from the front property line.

C & E Partnership (C & E) owns a lot that adjoins the lot to the east at 1119 King Street. C & E's lot is 20 feet wide and 100 feet deep. The lot is encumbered by a two-foot-wide alley that adjoins Donnelly's eastern property line and runs back a distance of 20 feet from King Street. This two-foot alley "is and forever shall be used jointly and in common without let or hinderance" by the adjoining property owners.

A three-story building stands on C & E's lot. A 16-foot portion of the second and third floors abuts and adjoins Donnelly's wall. The two-foot alley is located between Donnelly's wall and the western, first-floor wall of C & E's building. Consequently, the ground floor portion of C & E's building is narrower than the other two floors. The remainder of the building is narrower than the lot's width and extends back almost to the rear property line. This structural arrangement has existed for approximately 50 years.

In June 1984, C & E began to renovate its building. In the process, C & E also undertook renovations and modifications of the wall in question by (1) replacing mortar between some of the bricks of the wall, (2) covering some of the wall with weatherproofing concrete, and (3) installing metal brackets with supporting bars that tied the wall to the front wall of C & E's building.

The record does not establish that the wall in question supports any portion of C & E's building, with the possible exception of one roof beam that is "pocketed" into the wall. The record, however, does not reveal whether this roof beam is essential to the structural integrity of the building.

Relying upon *Bellenot v. Laube*, 104 Va. 842, 52 S.E. 698 (1906), C & E contends that it is entitled to a presumption that the wall is a party wall because the evidence in the present case indicates that "there was only one wall that divided" its building from Donnelly's former building. C & E further contends that because Donnelly did not present any evidence to rebut the presumption, the proposition that it is a party wall was conclusively established.

In *Bellenot*, we said a party wall is a division wall between two buildings that is used equally by the respective owners of both houses for all the purposes of an exterior wall. *Id.* at 847, 52 S.E. at 699. We further said that "[e]very wall of separation between two buildings is presumed to be a common or party wall, if the contrary be not shown." *Id.* We also noted that the term "party wall" is "more frequently used in the United States" to describe "a wall divided longitudinally in two moieties, each moiety being subject to a cross-easement in favor of the owner of the other moiety." *Id.* at 847, 52 S.E. at 700. Because the division wall in *Bellenot* was situated astride the property line that separated the two properties, we presumed the wall was a party wall subject to cross-easements. *Id.*

■ Although the facts in *Bellenot* limited our discussion of division walls to those straddling a property line and subject to cross-easements, the term "party wall" also may apply to other types of division walls. The words "party wall" may describe (1) a wall held by adjoining owners as tenants in common; (2) a wall divided longitudinally into two strips with each contiguous owner owning the strip on his side; or (3) a wall located entirely upon the land of one of the adjoining owners and belonging to him alone, but subject to an easement in favor of the other owner. *See Cameron* v. *Perkins*, 76 Wash.2d 7, 15, 454 P.2d 834, 837 (1969); *Soma Realty Co.* v. *Romeo*, 31 Misc.2d 20, 22, 220 N.Y.S.2d 752, 755 (1961); *Gates* v. *Friedman*, 83 W.Va. 710, 715-16, 98 S.E. 892, 893-94 (1919). *See generally* 5 R. Powell & P. Rohan, *The Law of Real Property* ¶ 688 (1987); 2 G. Thompson, *Real Property* § 395 (repl. ed. 1980).

■ Unlike the wall in *Bellenot*, the wall in the present case is located entirely on Donnelly's property, and he alone owns it. The *Bellenot* presumption can arise only when the wall is astride the property line. *See Wert* v. *John R. Thompson Co.*, 234 Ill. App. 458, 467-68 (1924); *Coumas* v. *Transcontinental Garage, Inc.*, 68 Wyo. 99, 119, 230 P.2d 748, 753 (1951); *Mary Jane Stevens Co.* v. *First Nat. Bldg. Co.*, 89 Utah 456, 484, 57 P.2d 1099, 1112 (1936); *Brown & Hamilton Co.* v. *Johnson*, 251 Pa. 378, 382, 96 A. 823, 824 (1916); *Bright* v. *Morgan*, 218 Pa. 178, 183, 67 A. 58, 60 (1907). We hold, therefore, that C & E cannot rely upon the presumption that the wall is a party wall.

■ Consequently, the wall involved here is a party wall only if it is subject to an easement in favor of C & E to have the wall maintained as a common, exterior wall for support of its building. *See Soma Realty Co.*, 31 Misc.2d at 22, 220 N.Y.S.2d at 755; *Barry* v. *Edlavitch*, 84 Md. 95, 97, 35 A. 170, 171 (1896). In its alternative contention, C & E claims that the trial court erred in failing to find that C & E had acquired an easement for a party wall by prescription. Following an *ore tenus* hearing, the trial court ruled in a memorandum opinion that

the evidence presented fails to establish all of the elements of an easement by prescription in the subject wall. There is no evidence that [Donnelly] or his predecessors in title knew or acquiesced in [C & E's] use of the wall. Nor was such use

open and obvious. Any use of the wall made by [C & E] was hidden from common observation.

■ To establish an easement by prescription, a court must find that a claimant's use was adverse, under claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the servient owner for at least 20 years. *Robertson* v. *Robertson*, 214 Va. 76, 81, 197 S.E.2d 183, 188 (1973). Moreover, an easement by prescription must be proved by clear and convincing evidence. *Pettus* v. *Keeling*, 232 Va. 483, 486, 352 S.E.2d 321, 324 (1987).

■ When a trial court has heard the evidence *ore tenus*, its findings of fact are entitled to the same weight as that which attaches to a jury verdict. In such a case, the court's findings are binding upon us unless they are plainly wrong or unsupported by the evidence. *White* v. *Pleasants*, 227 Va. 508, 512, 317 S.E.2d 489, 491 (1984).

■ Upon our review of the record, we, too, are unable to find any evidence that would establish that Donnelly, or his predecessors, knew of or acquiesced in C & E's, or its predecessors', use of the wall. Clearly, from the record before us, we cannot say that the trial court's findings are plainly wrong. Thus, we reject C & E's contention that the trial court erred in failing to find that the evidence established a prescriptive easement for a party wall.

For these reasons, we will affirm the decree of the trial court.

*Affirmed.*