## CIRCUIT COURT OF MADISON COUNTY

Robert S. Stowe, Jr.

v.

Madeline Tatum Carter, etc.,
Elizabeth V. Stewart, et al.

August 17, 2005

Case No. CH03003323-00

BY JUDGE DANIEL R. BOUTON

I set forth below the decision of the court in connection with the above referenced case.

*Procedural History*

This matter comes before the court in connection with a bill of complaint filed by Robert S. Stowe, Jr., against Madeline Tatum Carter and other named defendants. Mr. Stowe seeks equitable relief in the form of a prescriptive easement that he asserts should benefit a tract of land owned by him in Madison County. He further requests that the court enjoin the defendants from interfering with the use and enjoyment of the easement that he claims.

The court heard *ore tenus* evidence on February 2, 2005, and June 10, 2005. Subsequently, the parties submitted written arguments in support of their respective positions.

In resolving the disputed issues in this case, the court has cited the testimony of several witnesses and has made reference to one of the trial exhibits. It must be noted, however, that in arriving at all of its findings,

the court gave full consideration to all of the evidence that was presented at trial. Those witnesses and the trial exhibits not mentioned in this letter opinion were fully considered by the court. Moreover, the court listened carefully to all of the testimony that was presented and observed the demeanor, manner, and general appearance of all of the witnesses.

## Discussion of the Issues before the Court

### I. Whether the Evidence is Sufficient to Establish a Prescriptive Easement

The plaintiff maintains that two separate theories support his claim for relief and that either or both of them provide a sufficient basis for the establishment of a prescriptive easement. First, Mr. Stowe asserts that, at the time he purchased his property, a prescriptive easement over the road that was the subject of dispute at trial attached to and was conveyed with the title to his land. Here, he relies on the testimony of Roger Gooding, Otis Gooding, Jr., and others. Second, Mr. Stowe argues that, regardless of whether his proof concerning the prior use of the road is sufficient for him to prevail, the evidence regarding his own use of the road since his acquisition of the property provides an independent basis for the court to conclude that he is entitled to a prescriptive easement. Based on the analysis set forth below, the court will only address the claim of Mr. Stowe that is premised on his use of the road.

Turning to this issue, it should be noted that the principles of law that apply to prescriptive easements are well established. The proponent of the easement must prove that the use in question was adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owners of the land for a period of at least twenty years. Moreover, where there has been an open, visible, continuous, and uninterrupted use for the required period of time, such use will be presumed to be under a claim of right. *Ward v. Harper*, 234 Va. 68, 360 S.E.2d 179 (1987). Furthermore, any prescriptive easement awarded by the court must be consistent with the nature and character of the uses that were exercised during the prescriptive period. *McNeil v. Kingrey*, 237 Va. 400, 377 S.E.2d 430 (1989). Finally, the proponent of the prescriptive easement has the burden of proving the claim by clear and convincing evidence. *C & E Partnership v. Donnelly*, 235 Va. 301, 367 S.E.2d 490 (1988).

In this case, the primary argument raised by the defense is that Mr. Stowe has failed to prove that he used the road in a manner that was exclusive, continuous, and uninterrupted. The defense also challenges the adverse nature of any use by Mr. Stowe. It is critical to emphasize, however, that the defense concedes that there is evidence of actual use by Mr. Stowe; indeed, their own pleadings state that he "has consistently and constantly used the road bed on the Stewart property without the defendants' permission." (Cross-Bill, Numbered Paragraph 7.) Nevertheless, the defense maintains that the evidence as a whole is not sufficient for the court to find by clear and convincing evidence that a prescriptive easement has been established.

The cases that have addressed this issue have repeatedly stressed that the element of continuous use requires proof of activities that demonstrate an adverse claim. In *Amstutz v. Everett Jones Lumber Corp.*, 268 Va. 551, 562, 604 S.E.2d 437 (2004), the Supreme Court of Virginia said that in order to prevail on a claim for a prescriptive easement, "the use must nevertheless be of sufficient continuity, in terms of the character of the activity and the frequency, to give reasonable notice to a servient landowner that an adverse property right is being exercised." Similarly, in *McNeil, supra*, the court stated "the required continuity will depend on the nature of the easement and the land it serves, as well as the character of the activity. Although the use need not be daily, weekly, or even monthly, in the case of seasonal operations on mountainous land in a remote area, it nonetheless must be of such frequency and continuity as to give reasonable notice to the landowner that such a right is being exercised against him." *Id.* at 404. The court then concluded that the "use must be more than sporadic and of an indefinite nature." *Id.* at 404.

In light of the above principles, the court will analyze the evidence on the issue of the continuous, adverse use of the road. On this point, the court accepts as credible Mr. Stowe's description of the manner and frequency with which he made use of the road for ingress and egress to his property. It is not necessary to recite here each and every element of his testimony. Rather, beginning from the time that he acquired his property, he consistently made use of the road for limited recreational purposes and to conduct occasional logging operations. Furthermore, this use continued until the dispute between the parties resulted in this litigation.

It must also be noted that the uses described by Mr. Stowe were adverse as that term has been defined with reference to prescriptive easements. All of Mr. Stowe's activities in connection with the road were open and visible. He posted "No Trespass" signs near the road, and he

placed cable on the road. He cleared and maintained the road, doing some of the work himself and hiring others to perform certain tasks. (*See* Testimony of David Lacy.) He engaged loggers and authorized them to travel over the road with their equipment. He removed obstructions from the road such as trees, posts, and barbed wire.

Finally, the activities described above took place consistently for a period of time in excess of twenty years. Evidence that corroborates this finding and that supports the testimony of Mr. Stowe can be found in the testimony of Bud Kreh, Brad Gentry, and David Lacy. Furthermore, it is important to stress that the defendants presented little evidence to dispute or contradict the evidence of use by Mr. Stowe; rather, they ask the court to interpret and construe the evidence that was introduced in a manner that is consistent with their position. Viewed in its entirety, the complainant has satisfied his burden to prove by clear and convincing evidence that he is entitled to a prescriptive easement over the road.

## II. The Nature and Dimensions of the Prescriptive Easement

Any prescriptive easement must be measured and defined by the nature and character of the use that led to its establishment. Such an easement does not confer on the owner of the dominant estate any general rights, nor does it give one the right to any use that is inconsistent with the evidence that is relied on to establish the easement. For example, in McNeil, *supra*, the Supreme Court of Virginia reversed the trial court for awarding a prescriptive easement that exceeded the scope of the narrowly defined agricultural purposes for which the road in question had been used. On this point, the court stated that "we have recognized that the proposed uses to be made of a prescriptive easement must be of the same nature and character as those exercised during the prescriptive period. . . ." *Id*. at 406 (citations omitted). Thus, the precise extent of any relief must be based on the specific evidence before the court regarding the use of the road that was presented at trial.

In the present case, the evidence establishes that Mr. Stowe is entitled to a limited prescriptive easement that is consistent with the uses described by him. It would permit access to his property over the road for personal and recreational activities such as bird watching, hiking, berry picking, and the gathering of firewood. It would also include the occasional logging that has occurred during the time that Mr. Stowe has owned the property.

With regard to the dimensions of the easement, the court accepts the testimony of David Lacy. He has extensive personal knowledge of the road based on the work performed by him at the request of Mr. Stowe. His conduct and demeanor in responding to questions persuade the court that he was objective, accurate, and honest in providing his testimony. He stated more than once that the approximate width of the road was twelve feet. This width is completely consistent with the uses that will be allowed under the easement. Therefore, the court rules that the prescriptive easement will be twelve feet in width; it will be measured six feet in each direction from the center line of the road depicted on the plat that was introduced as Plaintiff's Exhibit 1.

### III. The Alternative Theory or Second Basis for a Prescriptive Easement

In light of the above analysis, it is not necessary for the court to determine whether a prescriptive easement already attached to the land when Mr. Stowe acquired it. The uses of the road described by the witnesses prior to Mr. Stowe's purchase is consistent with the activities described by him during his period of ownership. The nature and the dimensions of the prescriptive easement that has been awarded by the court are also consistent with the prior use. If the evidence of prior use was sufficient to grant any relief to Mr. Stowe, such relief would not differ from what has already been awarded. If the evidence was found insufficient, it would not lead the court to reverse or modify its ruling on the prescriptive easement that stems from Mr. Stowe's use of the road. Therefore, the court declines to evaluate the evidence on this alternative theory.

### IV. The Claim for Damages

Having ruled that Mr. Stowe is entitled to a prescriptive easement, the court rejects any claim for damages. There are two reasons for this ruling. First, the court is aware of no authority that would allow for an award of damages to the owner of a servient estate in a case where a prescriptive easement has been established. Second, no credible evidence was elicited at trial that would support any claim for damages. In this regard, the court finds no evidence to question or challenge the integrity of Jack Adams, the witness called by the defense. However, his testimony on the purported reduction in value of the servient estate because of the existence of the easement was speculative and conjectural.

*Conclusion*

For the reasons set forth above, the court finds that the complainant has proven by clear and convincing evidence a prescriptive easement as described and defined in this letter opinion. He is therefore entitled to permanent injunctive relief that prohibits the defendants from interfering with his lawful use of the easement.