278

## CIRCUIT COURT OF ORANGE COUNTY

Ronald K. Frazier
and Kenneth Stanley

v.

Robert G. Bledsoe,
June V. Bledsoe,
and Peter K. Forste

September 14, 2009

Case No. 06-125

BY JUDGE DANIEL R. BOUTON

I am writing to advise of the court's rulings on the exceptions that were filed to the commissioner's report for the above referenced case.

### Procedural History

This matter comes before the court based on a hearing that was conducted by Jeffrey C. Early, Esquire, Commissioner in Chancery of the Circuit Court of Orange County. Subsequent to the hearing, the commissioner filed his report with the court. The plaintiffs and several of the defendants

filed a number of exceptions to the findings of the commissioner. Oral argument was conducted on August 6, 2009. The court took the matter under advisement to study further the report of the commissioner and the transcript of the proceedings that were conducted by him and to review all of the exhibits that were introduced into evidence.

## The Exceptions Filed by the Plaintiffs

### Exception No. 1: The Sufficiency of the Pleadings

This exception is premised on the right of a litigant to be put on notice of all claims and theories of relief that are asserted by any opposing party. In Virginia, all disputed issues in a case are defined by and limited to those that are identified in the pleadings. Cases are not litigated and decided by principles of law and facts that are at odds with what is contained in the complaint and any filed responses. In the event that new issues are raised as a case develops, pleadings should be amended so that they reflect the facts and any additional theory of relief being relied on by a party. The court may not base its judgment or ruling on a right that has not been claimed or pleaded. *Ted Lansing Supply Co. v. Royal Aluminum Construction Corp.*, 221 Va. 1139 (1981). In short, Virginia law appropriately rejects the concept of "trial by ambush."

Nevertheless, in evaluating the sufficiency of pleadings, the court must exercise its discretion based on fairness and common sense. In this regard, Rule 1:4 states that a pleading "shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." In the present case, the court finds that the parties who are asserting the right to a prescriptive easement have adequately pleaded their respective claims. While some of the language used by them is arguably misplaced or not as precise as it could have been, a full and fair reading of the various pleadings demonstrates that the prescriptive easement claims are sufficiently stated.

The second point that must be stressed with respect to this exception stems from the reasoning of *Realty Co. v. Caputi*, 203 Va. 403 (1962). There, the Supreme Court of Virginia said: "We are not unmindful of the principle that proof must correspond with the allegations or grounds of defense, but where no objection has been made to the admission of evidence, or no motion is made to exclude it because of the supposed variance with the pleadings, such variance must be considered to have been waived." *Id.*, at 406.

In the case before the court, no motion was filed by the plaintiffs concerning the sufficiency of the pleadings. Moreover, no bill of particulars was requested under Rule 3:7. This rule allows a litigant to request the court to

direct that more information be provided in the event that any claim or theory of relief is unclear. Specifically, "a bill of particulars may be ordered to amplify any pleading that does not provide notice of a claim or defense adequate to permit the adversary a fair opportunity to respond or prepare the case." It should also be noted that, in the court's decree of reference, the commissioner was directed to report on whether the defendants "have legal access of ingress and egress to defendants' respective properties across plaintiffs' property via the abandoned roadway." He was also required to report on whether "the Bledsoes and/or Forstes have acquired by adverse possession the right of legal access of ingress and egress to their respective properties across plaintiff's property via the abandoned roadway." At the hearing before the commissioner, the parties vigorously, skillfully, and exhaustively tried the disputed issue of whether a prescriptive easement had been proven by the evidence that was elicited. Finally, at oral argument on the exceptions, counsel for the plaintiffs conceded that she was fully aware of the claims for a prescriptive easement. It must be emphasized that counsel was forthright, highly professional, and completely ethical in her response. Nevertheless, based on the procedural history of the case and the rationale of *Caputi,* the argument that the prescriptive easement claims were not sufficiently pleaded has been waived.

For the reasons set forth above, this exception will be overruled.

*Exception No. 2: The Sufficiency of the Evidence on the Prescriptive Easement Claims*

To begin with, it should be noted that the principles of law that apply to prescriptive easements are well established. The proponent of the easement must prove that the use in question was adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owners of the land for a period of at least twenty years. Moreover, where there has been an open, visible, continuous, and uninterrupted use for the required period of time, such use will be presumed to be under a claim of right. *Ward v. Harper,* 234 Va. 68 (1987). Furthermore, any prescriptive easement awarded by the court must be consistent with the nature and character of the uses that were exercised during the prescriptive period. *McNeil v. Kingrey,* 237 Va. 400 (1989). Finally, the proponent of the prescriptive easement has the burden of proving the claim by clear and convincing evidence. *C & E Partnership v. Donnelly,* 235 Va. 301 (1988).

In addition, it is critical to emphasize that the court's ruling on this exception must take into account the standard that applies when the court is reviewing findings that are contained in a report from a commissioner in chancery. Specifically, § 8.01-610 of the Code of Virginia provides that such a report "shall not have the weight given to the verdict of a jury on conflicting evidence, but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence." The report should be "sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence." *Jamison v. Jamison*, 3 Va. App. 644-45 (1987). Furthermore, this principle "applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence." *Id.*, at 646. The importance that the court should attach to the commissioner's judgment regarding the witnesses who testified in his presence was also emphasized by the Supreme Court of Virginia in *Jarvis v. Tonkin*, 238 Va. 115 (1989). There, the court said that "an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand." *Id.*, at 122.

In light of the above principles of law, there is ample evidence in the record to support the commissioner's conclusion that a prescriptive easement was established by clear and convincing evidence. In his report, the commissioner cited the affidavits of Joseph A. Kube and Donald E. Waugh as reliable, competent evidence. He made reference to several relevant documents in the chain of title. He noted the testimony of Clifford A. Taylor, Ara L. Tramblian, Robert G. Bledsoe, Peter K. Forste, and Kimberly M. Forste. The commissioner obviously found credible the testimony of these witnesses. Furthermore, this evidence was critical to the prescriptive easement claims. Most important, this was evidence that was taken in the presence of the commissioner.

It should also be noted that the acceptance of such testimony by the commissioner resolves the disputed issues that are described in the written arguments filed with this exception and that were addressed at the August 6th hearing. The witnesses relied on by the commissioner for his findings testified about the nature of the road, the types of activities for which it was used, and the length of time during which such uses occurred. The witnesses also addressed whether the installation of a gate was intended to ensure that any use of the road was by permission or whether it was part of an attempt to curtail the dumping of trash and garbage that had become a problem. In deciding how to resolve the various factual disputes, the commissioner obviously accepted and relied on the testimony of those witnesses who were claiming a prescriptive easement.

*Exception No. 3: The Dimensions of the Easement*

The width of the prescriptive easement must be governed by the specific evidence that was adduced on this point. In this regard, any prescriptive easement must be measured and defined by the nature and character of the uses that led to its establishment. A prescriptive easement does not give the owner of a dominant estate the right to increase or change the intensity of use, nor does it allow the dimensions of a road to be expanded or increased. *McNeal, supra.* On the issue of width, direct and circumstantial evidence regarding the history of the uses of a disputed road can on occasion be relevant.

It should be stressed that the court's ruling on this point must also be analyzed in light of the standard of review that applies to the factual findings made by the commissioner. As discussed previously, the court must take into account that it was the commissioner who heard the witnesses testify and who observed their demeanor on the stand. He found credible the witnesses who testified in support of the prescriptive easement.

The court will now turn to the record that was before the commissioner. Here, as in many cases of this type, the evidence regarding width did not include precise measurements or clearly defined boundaries. Rather, it consisted of multiple, general descriptions of the road, and it included testimony about the types of use that have occurred over the years. In particular, the commissioner found that the occasional use of the road for normal vehicles, farm equipment, and logging trucks defined and characterized the prescriptive easement that was established. The court finds that the width, fifteen feet, is supported by the evidence in the record and is consistent with the uses of the road that were critical to the commissioner's ruling on this point. Therefore, this exception will be overruled.

*The Exceptions Filed by the Defendants*

*Exception No. 1: Whether the Disputed Road Remained a Public Road*

The court finds that the record here clearly supports the commissioner's judgment that the road in question was abandoned. Thus, the only means of ingress and egress that remains is based on the prescriptive easement that the commissioner found was proven by clear and convincing evidence.

On this issue, a great deal of evidence was presented regarding the use of the road during the period of time that the prescriptive easement was acquired. There was also considerable evidence about the uses that occurred

beginning from the date that the prescriptive easement was established up until the time that the litigation commenced. All of the evidence demonstrates that the road had long been abandoned and that it had not been used by the public for decades. The documents, e-mails, and communications from VDOT, as well as those from other state and local officials, support the claim of abandonment.

The court also finds that § 33.1-166 applies to the evidence that was presented to the commissioner. The statute specifically provides that all "abandonments of roads sought to be effected before July 1, 1950, are hereby validated notwithstanding any defects or deficiencies in the proceedings provided the rights of third parties have not intervened." The evidence in this case established that nothing about the use of the road was changed or altered while the process of abandonment was unfolding. Thereafter, from the time that the prescriptive easement was established through the date of this litigation, the road was never used by the general public. Other than the occasional uses that were consistent with the prescriptive easement that had already been established, nothing occurred regarding the road. Therefore, no third party rights have intervened and the abandonment was rendered valid under the provisions of the statute.

Finally, the case of *Ord v. Highway Commissioner*, 207 Va. 752 (1967), cited by some of the defendants at oral argument, does not support their position on this exception. *Ord* addressed a dispute regarding whether a road had been discontinued under the statutory scheme in effect for discontinuance at the time that the case was decided. The court explicitly acknowledged that the issue before it was one of discontinuance and not of abandonment. The latter doctrine was not analyzed; thus, the reasoning of the opinion does not apply to the case before the court.

For the reasons set forth above, this exception will be overruled.